## Commonwealth *v.* Berney, Appellant (No. 1).

*Criminal law — Leasing dwelling for immoral purposes — Evidence—Sufficiency.*

On the trial of an indictment for leasing a dwelling for immoral and illegal purposes, where the defense set up was that the transaction was not a leasing but a sale of the premises to defendant's son, but the alleged sale rested entirely in parol, it was not reversible error to admit in evidence a notice to quit served upon the tenant demanding immediate possession of the premises without assigning any reason therefor, such notice being signed by defendant's son as owner, as it was a matter for the jury to determine whether or not the alleged purchase and notice to quit were not part of the general scheme to evade the law as contended by the Commonwealth.

Argued April 22, 1918. Appeal, No. 180, Jan. T., 1917, by defendant, from judgment of Superior Court, October Term, 1916, No. 130, affirming the judgment of Q. S. Blair Co., Oct. Sessions, 1915, No. 22, on verdict of guilty of leasing a dwelling house for immoral and illegal purposes in case of Commonwealth v. B. J. Berney. Before BROWN, C. J., STEWART, MOSCHZISKER, FRAZER and WALLING, JJ. Affirmed.

Appeal from Superior Court.

The opinion of the Supreme Court states the facts.

Verdict of guilty of leasing a dwelling house for immoral and illegal purposes. Defendant was sentenced to pay costs and to undergo imprisonment in the county jail for forty-five days. Defendant appealed to the Superior Court. The Superior Court affirmed the judgment of the Court of Quarter Sessions. Defendant appealed.

*Error assigned* was the judgment of the Superior Court.

*R. A. Henderson,* with him *W. C. Fletcher,* for appellant.

*Marion D. Patterson,* for appellee.

OPINION BY MR. JUSTICE STEWART, July 17, 1918:

The appellant was tried and convicted in the Quarter Sessions of Blair County of the offense of leasing a dwelling house in the City of Altoona for immoral and illegal purposes, the keeping of a bawdyhouse. On the trial of the case, the defense set up was that it was not a leasing but a sale of the premises. The transaction was evidenced by writing and the writings were offered in evidence. On their face they showed a sale upon installments. The defendant himself was unable to write in English, and all the papers were written by his son as the father's agent and attorney, who, as it appears from his testimony, has for several years been a student at law. Evidence was offered on the part of the Commonwealth to the effect that all the previous negotiations between the parties were conducted with the knowledge and understanding, frequently expressed, that the premises were to be occupied and used for illicit purposes, and that the papers evidencing the transaction were so drawn as to conceal their true import, for purpose of escaping detection and prosecution by making what was nothing but a lease appear as a sale. The evidence carried conviction to the minds of the jury, with the result that the defendant was found guilty in manner and form. Appeal was taken to the Superior Court. The error there complained of was the admission in evidence of a notice to quit served on the tenant, Helen Hambell, 11th January, 1914, demanding immediate surrender of the premises without assigning any reason therefor, signed "Edwin E. Berney, owner." This was the son of the defendant who had prepared all the papers in the transaction. He testified that shortly before serving this notice he had become the purchaser of the property from

his father. The fact of purchase not only rested in parol, but its bona fides was earnestly contested, the Commonwealth insisting that it was adopted as a means of escape for the defendant from the legal embarrassment in which he found himself, and that it was done at the instance and suggestion of the son. The evidence touching this inquiry was quite broad enough to make the notice to quit entirely competent as evidence. It was a matter for the consideration of the jury whether or not the purchase and the notice to quit were not part of a general scheme to evade the law. The assignment of error is overruled and the judgment of the Superior Court is affirmed.