## Commonwealth *v.* Baker, Appellant.

*Criminal law — Murder — Self-defense — Reasonable doubt —*
*Fair preponderance of evidence—Charge.*

1. On a trial for murder where defendant sets up self-defense as a justification for the killing, the trial judge cannot be convicted of error, where it appears that while stating more than once that the Commonwealth must make out its case beyond reasonable doubt, he did not place any such burden on defendant either directly or by implication; though he omitted to tell the jury specifically that defendant, in order to establish his affirmative plea of self-defense, was not obliged to prove it beyond a reasonable doubt, yet he did say the defendant was to have the benefit of any reasonable doubt arising out of the evidence.

2. This latter instruction was more favorable to defendant than it should have been, since to doubt is not to prove. The court should have said that defendant must prove his plea of self-defense by a fair preponderance of the evidence, to acquit.

3. A .defendant convicted of murder cannot allege as error an instruction in his favor to which he was not legally entitled.

Argued November 23, 1925. Appeal, No. 349, Jan. T., 1925, by defendant, from judgment of O. & T. Phila. Co., May T., 1922, No. 362, on verdict of guilty of murder of the first degree in case of Commonwealth v. John Baker, alias Geachie. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Indictment for murder. Before GORDON, J.

The opinion of the Supreme Court states the facts.

Verdict of guilty of murder of the first degree on which judgment of sentence was passed. Defendant appealed.

78      COMMONWEALTH *v.* BAKER, Appellant.

*Error assigned* was, inter alia, instruction quoted in opinion of the Supreme Court, quoting record.

*Joseph A. Gilligan,* for appellant, cited: Com. v. Drum, 58 Pa. 9; Com. v. Colandro, 231 Pa. 349; Com. v. Meyers, 83 Pa. 131; Com. v. Dietrick, 218 Pa. 36; Com. v. Troy, 274 Pa. 265; Com. v. Ross, 266 Pa. 580.

*Maurice Speiser,* Assistant District Attorney, with him *Samuel P. Rotan,* District Attorney, cited: Com. v. Troy, 274 Pa. 265; Com. v. Zappe, 153 Pa. 498; Com. v. Page, 265 Pa. 273; Com. v. Weber, 271 Pa. 330.

OPINION BY MR. CHIEF JUSTICE MOSCHZISKER, January 4, 1926:

Defendant appeals from a sentence on conviction of murder of the first degree. The only error alleged is the failure of the trial judge to tell the jury specifically that defendant, in order to establish his affirmative defense of self-defense, was not obliged to prove it beyond a reasonable doubt.

Had the jury been told that an affirmative defense must be proved beyond a reasonable doubt, that would have been error (Meyers v. Com., 83 Pa. 131, 141; Com. v. Deitrick, 218 Pa. 36, 38; Com. v. Molten, 230 Pa. 399, 402; Com. v. Ross, 266 Pa. 580, 583), but no such mistake was made. The instructions touching the point before us were as follows: "In deciding upon the case or upon any material part of it, it is the duty of the jury to give the prisoner the benefit of any reasonable doubt arising out of the evidence which prevents them from coming to a satisfactory conclusion......If [this] was an unlawful killing, the law presumes it to have been ......murder of [only] the second degree, the burden being on the Commonwealth to present evidence which will satisfy you beyond a reasonable doubt that......it was......murder of the first degree; .....and the duty rests upon the defendant, if he contends it is man-

slaughter, to satisfy you that, from the evidence as a whole, the killing, under the facts and circumstances of the case, was not malicious, and so to reduce the grade of the offense from murder to manslaughter; or if he contends that it was a justifiable killing, in self-defense, to satisfy you of that fact; the burden......however, always being on the Commonwealth to prove the case beyond a reasonable doubt......The defendant says ......[there] was a quarrel which resulted in Brown, the man who is now dead, drawing a knife and assaulting him......He testified that he was cornered,...... was being assaulted with a knife......, and honestly believed that his life was in danger, and shot for that reason, to' defend himself. Do you believe that? The shooting by him is admitted. Do you believe under all this evidence that he killed in self-defense?......If you honestly believe this defendant's story that he killed in self-defense, and believe he was justified in killing in self-defense, he is entitled to an acquittal......From all the facts and circumstances of this case as you find them to be from the evidence, you will make up your minds whether this was a real killing in self-defense, whether the defendant was assaulted and attacked by the dead man first, and, if he was, whether he honestly believed his life was in danger, and was justified in so believing, and if he honestly so believed and was justified in it, he would not be guilty. If he was not justified, but did honestly believe his life was in danger, it would be manslaughter."

Appellant can have no just complaint against the above instructions, for, as may be seen, while the jury was told more than once that the Commonwealth had to make out its case beyond a reasonable doubt, no such burden was placed on defendant, either directly or by implication. In point of fact, the charge put less burden on defendant than the law warrants, for the trial judge might properly have instructed, as stated in Com. v. Palmer, 222 Pa. 299, 302, that, "To doubt,......even to

reasonably doubt, that life was taken in self-defense, is not to be satisfied that it was so taken, and when this affirmative defense is left in doubt it has not been established at all as a basis for acquittal," or he might have said that the plea of self-defense had to be established by a "fair preponderance" of the evidence in order to acquit (Meyers v. Com., 83 Pa. 131, 141; Com. v. Gerade, 145 Pa. 289, 298; Com. v. Palmer, 222 Pa. 299, 301; Com. v. Colandro, 231 Pa. 343, 349; Com. v. Ross, 266 Pa. 580, 583; Com. v. Weinberg, 276 Pa. 255, 260); but, instead of so instructing, he in effect told the jury that an "honest belief" that the killing was in self-defense, no matter how that belief was arrived at, was sufficient to acquit. Finally, when the trial judge broadly told the jury that its "duty" was to "give the prisoner the benefit of any reasonable doubt arising out of the evidence," he went further in the latter's favor than the law requires; for, as above stated, a doubt, even a reasonable doubt, as to self-defense being established, would not entitle the accused to an acquittal, yet the court's broad statement concerning defendant's right to the benefit of all reasonable doubts arising out of the evidence, fitted into the charge in general, might possibly have led the jury to believe it could properly acquit if it entertained a doubt on the point of self-defense. But, since this instruction favored defendant, of course he has no cause to complain of it.

The case was submitted to the jury with the utmost regard for the rights of the accused, the evidence sustains the verdict, and we see no reversible error on the record.

The judgment is affirmed and the record is remitted for the purpose of execution.