Commonwealth *v.* Miele, Appellant.

Argued October 3, 1928.

Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.

532

*Mortimer C. Rhone,* for appellant.

*Henry C. Hicks,* for appellee.

OPINION BY LINN, J., November 14, 1928:

Appellant was convicted of assault and battery on Jennie Agnone, and acquitted of aggravated assault and battery. He now complains (a) of erroneous instruction to the jury, and (b) that the charge was inadequate in "not defining to the jury the principles of the law governing a plea of self defense when that defense is relied upon......"

After a fight between appellant's son and Jennie's brother, there was a fight (resulting in this prosecution) by appellant with Jennie and her mother. There is evidence from which the jury may have found that while appellant was engaged with Jennie's mother, Jennie entered the struggle and, in her words, "took my mother by the shoulder, and I said 'come on mother.' I did not want her to fight, and I had my mother ahead of me and I walked in Laurel Street." The fight had begun on Jefferson Street near its Laurel Street intersection; and the evidence is that while walking away in Laurel Street, she was struck on the head by appellant. She was taken to a hospital, received treatment, was taken home, was attended by a physician, and remained in bed five days as a result of injury received. A physician corroborated her statement as to injury and treatment; her account of the assault was also corroborated.

If we take the evidence of appellant, it would appear that he was standing in front of his barber's shop on Jefferson Street, when Jennie and her mother

appeared and began to assault him, and that he took a stick from one of them and "just laid it on her [Jennie] so she would stop hitting me;" asked whether he knocked her down, he replied "she did not fall down, I laid the stick on her neck and she walked about ten feet before she fell down." Witnesses called by defendant gave testimony inconsistent with his and not supporting the argument of self defense that he now bases on his evidence.

We are not impressed with the criticism that the charge is inadequate in the sense that the jury was not fairly instructed as to its functions and duties in considering the case. The jury was twice instructed to find the facts from "the credible evidence in the cause;" that it must "determine which of the witnesses testified truthfully on the stand, or were not mistaken, and then give credit accordingly." The judge went over the evidence briefly in stating "the theory of the Commonwealth......"; having done that, he referred to the evidence of defendant and stated that "the contention on the part of defendant is that Jennie and her mother were the aggressors ......and made an assault on him, and that he defended himself......" and that it was only after he had been assaulted that he "struck Jennie across the shoulders or neck, using no more force than was necessary to defend himself."

Obviously, both contentions could not be correct; one or the other must be adopted by the jury. In that state of the instructions on the evidence, the judge added by way of summary: "If you credit the testimony on the part of the Commonwealth, and disbelieve the testimony on the part of the defendant, you may convict the defendant either upon the first count or upon the second. If you believe the evidence on the part of the defendant, and disbelieve the evidence on the part of the Commonwealth, then it would be your duty to acquit the defendant." As a general instruc-

tion concerning the acquittal of the defendant, that would not be correct, but when considered in the light of the direct contradiction of the Commonwealth's case by the defendant's evidence, and in connection with the instructions to select the credible evidence in the case by whomsoever given, followed with the general summary of the evidence and contentions of each side together with the instructions on the presumption of innocence and the rule of reasonable doubt, the sentence extracted from the charge cannot be held harmful. We must judge of the effect of the whole charge, not merely part of it. So, too, with the complaint that the judge should have more fully instructed the jury on the law relating to self-defense. There was evidence offered on behalf of appellant that was not consistent with the theory now urged that he acted only in self-defense. It would of course have been proper for the judge to amplify his charge by more elaborate statement of the rule on that subject when the exception was taken at the close of the charge, even though no specific request was made for such instruction. But we have also considered this objection in the light of the whole charge as applied to all the evidence, and have concluded that the omission to amplify the instruction is not ground in this case to order a new trial, for it is well settled that unless convinced that an alleged error resulted in substantial disadvantage to an appellant, we may not sustain the complaint: Com. v. Mudgett, 174 Pa. 211, 262.

The judgment is affirmed, and it is ordered that the appellant appear in the court below at such time as he may be there called, and that he be by that court committed until he has complied with the sentence, or any part of it, which had not been performed at the time the appeal in this case was made a supersedeas.