## Commonwealth of Pennsylvania v. Vincent, Appellant.

Submitted November 11, 1929.

Before Porter, P. J., Trexler, Keller, Linn, Gawthrop, Cunningham and Baldrige, JJ.

*J. Roy Lilley,* and with him *William P. Wilson,* for appellant.

*William M. Rosenfield,* District Attorney, for appellee.

PER CURIAM, January 29, 1930:

This case was submitted here without oral argument. Appellant was convicted on an indictment charging in separate counts possession and sale of intoxicating liquor contrary to the statute. The evidence is not printed, not having been taken stenographically; all we can know about it is contained in the charge and nothing there stated as having been in the evidence is challenged. The assignments of error are to parts of the charge and to remarks of the district attorney in his speech to the jury. When the charge is read as a whole, there is no foundation for the adverse criticism by appellant. The argument is that because the court instructed the jury that it might convict if it "credited" the testimony offered by the Commonwealth, defendant was deprived of the rule that the case must be made out on the whole record beyond a reasonable doubt. That argument is predicated on a single sentence wrenched from its context. The whole charge could leave no doubt in the minds of the jury as to its duty to apply the proper rule in considering the

evidence; (cf. Com. v. Miele, 94 Pa. Superior Ct. 531, 534).

The district attorney's comment to the jury was obviously based on the evidence of appellant—at least there is nothing in the record to indicate that it was not; so far as we can tell it was fair comment and it would seem, therefore, that the trial judge properly exercised his judicial discretion in declining to withdraw a juror.

The objection that evidence of sales at other dates than that laid in the indictment, though within two years was received, is without foundation: Com. v. Grove, 91 Pa. Superior Ct. 553, 556; Com. v. Grill, 94 Pa. Superior Ct. 330, 332.

The assignments of error are overruled. The judgment is affirmed and it is ordered that the defendant appear in the court below at such time as he may be there called and that he be by that court committed until he has complied with the sentence imposed or any part of it which had not been performed at the time the appeal in this case was made a supersedeas.