Commonwealth of Pennsylvania *v.* Stein, Appellant.

Argued April 30, 1931.

Before TREXLER, P. J., KEILER, LINN, GAWTHROP, CUNNINGHAM, BALDRIGE and DREW, JJ.

*William T. Connor,* and with him *John R. K. Scott,* for appellant, cited: Com. v. Nicely, 130 Pa. 270; Com. v. Swartz, 37 Pa. Superior Ct. 507; Com. v. Martin, 47 Pa. Superior Ct. 346; Com. v. Shoemaker, 240 Pa. 255.

*Bryan A. Hermes,* Assistant District Attorney, and

with him *John Monaghan,* District Attorney, for appellee, cited: Com. v. Del Vaccio, 299 Pa. 547; Com. v. Davison, 99 Pa. Superior Ct. 412.

OPINION BY KELLER, J., July 8, 1931:

The appellant was indicted for bribery, the charges being that she gave (1) two police sergeants the sum of $44, and (2) a patrolman the sum of $10, as bribes to permit her to set up, maintain and conduct an illegal lottery, commonly known as the "Number game" or "Clearing House game" (See Com. v. Banks, 98 Pa. Superior Ct. 432); and promised to pay them a weekly sum thereafter if they would permit her to conduct and operate said lottery under police protection and without arrest or prosecution. She was convicted, and a careful review of the testimony satisfies us that her conviction was warranted by the evidence and that the verdict was a just one.

Two grounds for reversal are urged by her present counsel, who did not represent her on the trial.

(1) It is contended that the judgment should be reversed because of the court's failure to withdraw a juror, when the assistant district attorney, in addressing the jury told them that if acquitted in this case, "the defendant will continue to run her despicable business and continue to rob the poor."

The Commonwealth's officer should not seek to inflame the jury by referring to matters not in evidence, or by drawing deductions from the evidence which are not strictly legitimate or fairly warrantable, with the same end in view: Com. v. Nicely, 130 Pa. 261; Com. v. Swartz, 37 Pa. Superior Ct. 507; Com. v. Martin, 47 Pa. Superior Ct. 346; Com. v. Shoemaker, 240 Pa. 255. But it is his duty to present the case fully, and to draw all legitimate inferences fairly deducible from the evidence, and to impress on the jury

the importance of a just verdict and the consequences likely to result from an erroneous one. There was evidence that the defendant had admitted being in the "number game" for seven years, and the whole purpose of her giving money to these police officers was to permit her to extend her operations to a new field. The remark of the district attorney's representative was therefore based on evidence in the case and was not an unfair statement of the results that would happen if the evidence of the officers was believed, but a verdict of acquittal rendered out of sympathy, etc. In the endeavor to be fair to the accused courts should not bend so far backward as to prevent a vigorous prosecution of a defendant who, the Commonwealth's officer is reasonably satisfied from the evidence, is guilty.

The language used by the assistant district attorney in this case was less harmful to the defendant and more warranted by the evidence than was employed in a number of cases in which the Supreme Court or this court refused to interfere. See Com. v. Del Vaccio, 299 Pa. 547; Com. v. Smith, 270 Pa. 583; Com. v. Cicere, 282 Pa. 492; Com. v. Davison, 99 Pa. Superior Ct. 412; Com. v. Bonnem, 95 Pa. Superior Ct. 496; Com. v. Exler, 61 Pa. Superior Ct. 423; Com. v. Kline, 66 Pa. Superior Ct. 285, 287; Com. v. Massarelli, 304 Pa. 335. The first and second assignments of error are overruled.

(2) Two police sergeants and a patrolman testified on the trial to the matters averred in the indictment, and the Commonwealth produced and offered in evidence the forty-four dollars in currency which the sergeants, according to their story, had received from the defendant and which they at once turned over to their superior officer and marked so as to be able to identify it. The defense was a denial of the entire story; a denial that she ever knew the police officers,

ever met them or talked to them, or attempted to bribe them or secure police protection for a lottery, or gave them any money for that or any other purpose. Defendant testified and was corroborated by her maid, and in part by her husband's sister-in-law, that she was at home sick in bed on the two occasions (Sept. 28, 1930 at 1:30 A. M. and Sept. 29, 1930 at 8:30 P. M.) when the officers said she had approached and attempted to bribe them. The trial judge called the jury's attention to the full and complete denial of the defendant; to the corroboration of her witnesses; to the presumption of innocence in her favor; and told them that unless the Commonwealth had proved her guilt beyond a reasonable doubt she was entitled to the benefit of the doubt and to an acquittal; that before they could find her guilty they must believe from the evidence in the case that she met the police officers as testified to by them and gave them the money for the specific purpose testified to by them; in other words, that if they had any reasonable doubt as to her being present with the officers and giving them money to secure protection for her lottery, as testified to by them, they must acquit her.

Appellant's present counsel now complains, and contends that the judgment should be reversed, because the trial judge in his charge did not call her defense an "alibi" and instruct the jury that the defendant was required to establish such defense only by the preponderance of the evidence, and not beyond a reasonable doubt. But a reference to the foregoing will show that the judge placed no burden of proof whatever on the defendant, but charged the jury that unless they found beyond a reasonable doubt that the defendant was present with the officers and gave them money for the corrupt purpose before mentioned, they should acquit; that if they had any reasonable doubt arising out of the evidence as to her presence with the officers as

testified to by them and her giving them the money for the specific purpose mentioned by them they must render a verdict of "not guilty." In the circumstances of this case had the court charged the jury as the appellant now asserts it should have done, we would probably have had her counsel here asserting, with more merit, that error had been committed because it placed the burden of disproof by a preponderance of the evidence on the defendant, when the burden of proof beyond a reasonable doubt rested at all times and as to all essential matters on the Commonwealth.

Appellant relies on two decisions of the Supreme Court, and if followed without discrimination and with no regard to the facts of those cases, they might support her proposition; but even so, we reverse only for harmful error, and if the court below charged the jury more advantageously to the defendant than she was entitled to, she has no just ground for complaint.

The cases relied on by the appellant are Com. v. Andrews, 234 Pa. 597 and Com. v. Barrish, 297 Pa. 160. Both of them were homicide cases in which the defendants were convicted of murder in the first degree. In both of them the trial judge specially referred to the "alibi" presented by the defendant as an affirmative defense, and to the proof offered by the defendant to sustain it; in the former case saying, "But in every case where the defense of alibi is made it should be very closely scrutinized for the reason so forcibly expressed by an eminent judge. It is a defense often attempted by contrivance, subornation or perjury, and the proof therefore offered to sustain it, is to be subjected to a rigid scrutiny, because, without attempting to contest or rebut the evidence of facts sustaining the charge, it attempts to prove affirmatively another fact wholly inconsistent with it, and this defense is equally available if satisfactorily established to avoid the force of positive as of circumstantial evi-

dence." The Supreme Court reversed because having referred to the defendant's "attempt to prove affirmatively" the alibi in question, the court did not charge as to the degree of persuasion necessary to establish it, as being only proof that is satisfactory, or such as flows from a preponderance of the evidence, rather than beyond a reasonable doubt. In the Barrish case the trial judge likewise said: "Where a person sets up an alibi as a defense, the burden of proving his alibi to the satisfaction of the jury is thrown upon him. If he does not do this, his defense of alibi falls completely." The converse of the present argument was used in that case and complaint was made that "the evidence of an alibi should not be the subject of separate instructions on the burden of proof any more than any other evidence denying guilt or confirmatory of innocence wherein reasonable doubt should be the only governing consideration, and that the above rule on the burden of proof as to an alibi is inconsistent with reasonable doubt in that more persuasion by evidence is required by the rule than is necessary to bring the mind to a state of doubt;" that the instruction placed on the defendant the burden of proving to the satisfaction of the jury that he was not guilty. The Supreme Court said, "The law of our State requires specific instructions to be given relative to the burden of proof in an alibi and the degree of persuasion necessary to support a conclusion that the accused was not at the place where the crime was committed;" but affirmed the court below because it had just previously told the jury that "the setting up of an alibi as a defense does not change the burden upon the Commonwealth by the plea of not guilty of the prisoner or waive his right to demand from the Commonwealth, before he can be convicted, a full and complete proof of his guilt beyond a reasonable doubt;" and because the use by the court of the phrase "to the satisfaction

of the jury" was equivalent to "proof by the preponderance of the evidence" as opposed to "beyond a reasonable doubt;" but the opinion writer, Mr. Justice KEPHART, referred (p. 169) to the incongruousness of referring to the burden of proof of the alibi resting on the defendant.

As said before, that was a prosecution for first degree murder, in which the court below had specifically referred to the burden on the defendant of proving his alibi; and the Supreme Court, undoubtedly, had that in mind. See Com. v. Szachewicz, 303 Pa. 410, 416. In homicide cases the court is required to give fuller and more explicit instructions than in the trial of misdemeanors. For example, the term "reasonable doubt" need not be defined in misdemeanors unless instructions on the subject are asked: Com. v. Berney, 66 Pa. Superior Ct. 434, 437; affirmed 262 Pa. 174; Com. v. Grill, 94 Pa. Superior Ct. 330, 333. We do not understand that the Supreme Court has ruled that in every misdemeanor where the defendant denies being present at the commission of the offense and asserts that he was elsewhere at that time, the trial judge, in the absence of a request, must give specific instructions relative to the burden of proof in an alibi and the degree of persuasion necessary to support it, but only that if he does refer to the burden of proof as respects the defense of alibi he must make clear to the jury that the burden resting on the defendant, is only to establish the alibi by proof that is satisfactory or such as flows from a preponderance of the evidence rather than beyond a reasonable doubt; and that even though the defendant fails to prove it to their satisfaction by a fair preponderance of the evidence, the testimony offered may raise such a reasonable doubt as to entitle the defendant to an acquittal.

Strictly speaking an alibi is not a purely affirmative defense. It is also a traverse of the charge (Rudy v.

Com., 128 Pa. 500). Unlike insanity, self-defense, excusable homicide, etc., it does not admit the act charged and set up something by way of palliation or excuse; it denies the commission of the offense by the defendant, by asserting that he was somewhere else at the time. In some cases, such as the present one, it strikes at the very foundation of the charge. In the ordinary murder, burglary or robbery case the defense of alibi does not dispute the commission by some one of the murder, burglary or robbery charged, but denies that it was done by the defendant because he was elsewhere than at the scene of the crime; but in cases like the present, the defense attacks the commission of the offense as well; hence the burden resting on the Commonwealth of proving its entire case beyond a reasonable doubt, including the presence of the defendant at the meeting with the officers, never shifted from the Commonwealth and no special reference to any burden of proof on the part of the defendant seemed necessary or advisable. But had the court below specially referred to the burden resting on the defendant of proving her alibi, it would have been necessary to have carefully instructed the jury as to the degree of persuasion necessary to establish it. Certainly the defendant was not harmed by a charge which required the Commonwealth to establish beyond a reasonable doubt the defendant's presence with the police officers and her payment to them of the money involved and, in consequence, the virtual *disproof* of her alibi. And unless harmed by the action of the court,—if benefited rather than hurt by it—, the appellate courts will not reverse: Com. v. Barrish, supra, p. 166.

The third or additional assignment of error is overruled. The judgment is affirmed and it is ordered that the defendant appear in the court below at such time as she may be there called and that she be by that court committed until she has complied with the

sentence or any part of it which had not been performed at the time the appeal in this case was made a supersedeas.

---

Dissenting Opinion by Drew, J., August 5, 1931:

I must dissent from the majority opinion of the court. I think the court has erred in overruling the third assignment of error, in which complaint is made that the trial judge failed to charge the jury as to the nature, purpose and degree of persuasion necessary to establish the alibi offered by defendant. In this connection the learned trial judge charged as follows: "The defendant in her defense testified that she was not there, that she never saw the officers, that she never knew the officers; that she was not in Germantown on the occasions when the officers have testified that she was there and gave them this money." He reiterated this by saying: "Mrs. Stein, the defendant, has testified, as I have charged you, that she never saw these officers before; that she did not know them; that she had no contact with them as policemen or officials, law enforcement officials." And later the court said, "The defendant, as I have said, directly, specifically and positively denied the whole transaction. A maid employed by the defendant testified that the defendant was in bed, ill, upon the three evenings in question. The sister-in-law of the defendant has testified that the defendant was ill at home in the house, 6514 North 16th Street, on the occasion when the officers have testified positively that the defendant was in Germantown and gave them this money for the purpose as I have already stated to you."

It will thus be seen that the jury was fully instructed as to the nature of the defense and that the whole purpose of the testimony of defendant and her witnesses was to show that defendant "was not in Germantown on the occasions when the officers have

testified she was there and gave them this money."
In this respect defendant had no just complaint. In
Commonwealth v. Durlin, 75 Pa. Superior Ct. 260, this
court held a charge similar to the present one suffi-
cient to explain to the jury the meaning of an alibi.

However, on the question as to the degree of per-
suasion necessary to establish the defense of alibi, the
charge of the learned trial judge is silent. He in-
structed the jury correctly as to the burden of proof
resting on the Commonwealth to establish defendant's
guilt "beyond a well-founded, reasonable doubt" and
that if such a doubt existed, defendant was entitled
to the benefit of it, but not a word was said as to
the duty of defendant to make out her affirmative de-
fense by the "preponderance of the evidence" (Myers
v. Com., 83 Pa. 131) or "to the satisfaction of the
jury" (Rudy v. Com., 128 Pa. 500) or by any standard
whatever.

I am certain this was error, and I cannot agree it
was harmless. It may have caused the jury to believe
that it was necessary for the defendant to convince
them of the genuineness of her alibi beyond a reason-
able doubt. So much was said of the burden of proof
on the Commonwealth that the jury may have gotten
the impression that the same burden concerning her
defense rested on the defendant. There is no sound
reason why the jury should have thought otherwise.
Any doubt regarding the mind of the jury in this
regard must be resolved in favor of the defendant.

It seems to me that the law is well settled that the
trial court in viewing the testimony in support of an
alibi as arrayed against that of the Commonwealth
showing guilt, should instruct the jury as to its nature,
its purpose, and the degree of persuasion necessary to
establish it: Com. v. Barrish, 297 Pa. 160; Com. v.
Westley, 300 Pa. 16. In Commonwealth v. Barrish,
supra, Mr. Justice KEPHART said: "The law of our

State requires specific instructions to be given relative to the burden of proof in an alibi, and the degree of persuasion necessary to support a conclusion that the accused was not at the place where the crime was committed. ...... To permit evidence of an alibi to be considered by the jury without some instruction as to its probative value or the degree of persuasion necessary before it attains any value, would introduce a false note in the case, as it would permit the jury to adopt their own idea of its worth; they would have no standard to determine its effect. All evidence should have some degree of probative force.''

It is urged by the Commonwealth that counsel for defendant, at the conclusion of the court's charge, asked for no specific or further instructions. It was unnecessary that he do so. Defendant had a right, even though no request was made for the instruction, to have the jury fully advised as to the difference between the burden resting on the Commonwealth to establish guilt, and that resting on the defendant with respect to the alibi set up: Com. v. Andrews, 234 Pa. 597.

It may well be, as contended by the Commonwealth, that the whole effect of the charge was more favorable to defendant than that to which she was entitled, but as said in Commonwealth v. Andrews, supra, at page 604: ''How are we to know that the jury did not reject the defendant's alibi because the evidence supporting it did not measure to the high degree which excluded all reasonable doubt? If they did, it was a most serious mistake into which they fell because they were not instructed to avoid it; if they did not, their avoidance of the mistake was not due to any warning they had received from the court.''

I would sustain the third assignment of error, reverse the judgment and award a new trial.

LINN, J., concurs in this dissent.