## Commonwealth *v.* Trygar, Appellant.

526

Argued March 9, 1936.

Before KELLER, P. J., CUN-
NINGHAM, BALDRIGE, PARKER, JAMES and RHODES, JJ.

*Harry A. Mackey,* with him *James F. Masterson,* for appellant.

*James W. Tracey, Jr.,* Assistant District Attorney, with him *Charles F. Kelley,* District Attorney, for appellee.

OPINION BY BALDRIGE, J., April 16, 1936:

The defendant, a practicing physician in the city of Philadelphia, was indicted and convicted of abortion upon Pauline Stadnick, a 19-year-old girl. Notwithstanding the fact that the defendant has been twice found guilty, we are constrained to order a new trial for errors committed by the judge in his charge to the jury.

A large number of witnesses were called, who testified to the good character of the defendant. The only reference or instructions relating thereto in the general

charge were as follows: "The defendant's character has been put in evidence. Character testimony is substantive testimony intended to persuade you that a man who previously had a good reputation would not commit a crime. But it does not necessarily follow that this is so, because your everyday experience will indicate to you that people who have a good reputation do fall by the wayside and commit crime. As a matter of fact, there must be a beginning to all things. Every criminal, before the first crime, has what we call a good reputation."

This was clearly erroneous. When exception was taken thereto by counsel for defendant, the court then said: "Well, members of the jury, disregard what I said with reference to the testimony as to the reputation or the reputation of the parties having nothing to do with the case. I will emphasize again what I said before: The defendant's character has been put in evidence. Character evidence is, always has been, and should be taken into consideration, not as indicating that a man with a good reputation will not commit a crime, but probably will not, pointing out, as I did before, that once every man has a good reputation but loses it when he commits a crime." The following colloquy then occurred: "Mr. Masterson: May I ask your honor to add to what I think the law requires, that good reputation testimony, if believed, may of itself work an acquittal......The court: That is true." The judge did not adequately redress or neutralize the previous instructions by expressly correcting what he said before. The jury might well have concluded that such was not the intention when he stated: "I will emphasize again what I said before."

We said in Com. v. Kester, 58 Pa. Superior Ct. 509, 514: "It is settled beyond controversy in Pennsylvania that evidence of good character is substantive and must be treated as such; that it is not a mere makeweight to be thrown in to determine the balance in a doubtful case, but that it may of itself, by the creation of a reasonable doubt, produce an acquittal." See, also, Com. v. An-

drews, 234 Pa. 597, 83 A. 412; Com. v. Sayars, 21 Pa. Superior Ct. 75; Com. v. Matteo, 100 Pa. Superior Ct. 115.

We are compelled to conclude that the instructions respecting good character were inadequate and misleading, in that they failed to convey clearly to the jury a proper understanding of the weight that should be given character evidence.

Referring to that portion of the charge where the trial judge was discussing the alibi which was set up as a defense, we find: "Now, there are some elements of alibi in the case, whether that be the defense or not. By alibi it is intended to indicate to you that the doctor could not have committed the crime, because he was in some other place than the point at which the witness said the crime was committed. And you remember the testimony with respect to that was that on the occasion of the first injection the doctor was not at his home or office but was out with some friends to dinner and an automobile ride. And on the 3d or 4th trip—I forget which —he was attending some meeting or festival or celebration with reference to some work in which Father Baczewski was engaged. And, of course, if the doctor was not in his office, he could not have given the injection that the witness states he gave at that time. And the same would be true on the occasion that he was attending this festival." The jury should have been informed that the defendant need only prove an alibi by a preponderance of the evidence. This failure was a fatal oversight.

In Com. v. Andrews, supra (234 Pa. 597, 604), Mr. Justice STEWART, in delivering the opinion of the court, said: "The defendant had a right, even though no request was made for the instruction, to have the jury fully advised as to the difference between the burden resting upon the Commonwealth to establish guilt, and that resting on the defendant with respect to the alibi set up. How are we to know that the jury did not reject

the defendant's alibi because the evidence supporting it did not measure up to the high degree which excluded all reasonable doubt? If they did, it was a most serious mistake into which they fell because they were not instructed to avoid it; if they did not, their avoidance of the mistake was not due to any warning they had received from the court. The measure of proof, when the sufficiency of evidence offered to establish an alibi is the question, is simply that it shall be satisfactory. 'That measure is simply proof which is satisfactory—such as flows fairly from a preponderance of the evidence. It need not be beyond doubt'." See, also, Com. v. Barrish, 297 Pa. 160, 146 A. 553. In Com. v. Stein, 305 Pa. 567, 570, 158 A. 563, the court said: "The trial judge entirely neglected to instruct the jury that defendant need prove her alibi only 'by a preponderance of the evidence.' ...... Our cases uniformly hold that such an omission requires us to award a new trial."

For the above reasons, the judgment is reversed and a new trial awarded.