## Commonwealth *v.* Yancer, Appellant.

Argued October 6, 1936. 

 Before KELLER,
P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER,
JAMES and RHODES, JJ. 

*Thomas D. McBride,* with him *Louis Lipschitz,* for
appellant.

*Earl Jay Gratz,* Assistant District Attorney, with
him *Charles F. Kelley,* District Attorney, for appellee.

OPINION BY JAMES J., January 29, 1937:

Defendant was indicted on two bills of indictment,
which were tried together resulting in conviction on

both indictments. Bill No. 199, August Sessions, 1935, in which Earl Ballenger was the prosecutor, charged defendant with assault and battery and aggravated assault and battery, and on Bill No. 201, August Sessions, 1935, in which Ray Baker was the prosecutor, defendant was charged with assault and battery.

Defendant was employed as a truck driver by the York Motor Express, whose employees, at the time of the assault, were on strike; and Ballenger and Baker were employed as truck drivers by the Motor Freight Express, whose employees were not. Ballenger testified that on July 10, 1935, while engaged in his work, he was beaten by a group of eight or ten men, who also damaged his truck. One of these men was the defendant. Baker's testimony was that on July 15, 1935, while engaged in his work, he was attacked by the defendant and four or five other men.

As to Bill No. 199, the defense was an alibi, supported by several witnesses. In his charge, the trial judge failed to instruct the jury as to the burden of proof respecting the defense of an alibi. In his written opinion, filed after the appeal had been taken, the trial judge recognized that in view of the ruling in *Com. v. Stein*, 305 Pa. 567, 158 A. 563, and followed by this court in *Com. v. Brletic*, 113 Pa. Superior Ct. 508, 173 A. 686; *Com. v. Trygar*, 121 Pa. Superior Ct. 525, 184 A. 271, he had committed a reversible error; so that as to the conviction on Bill No. 199, August Sessions, 1935 the judgment is reversed and a new trial awarded.

As to Bill No. 201, counsel for defendant complains (1) that the court did not define to the jury the crime of assault and battery, (2) the court failed to charge in regard to self-defense in a manner similar to that required in the case of an alibi, and (3) the instruction as to the doctrine or reasonable doubt was incorrect. This latter complaint was not raised before the lower court at any time. Counsel for the defendant made no

specific objections to the charge as to any of these points, nor did he present a request for further instructions.

(1) We are not impressed with the criticism that the charge was inadequate by the failure to define the crime of assault and battery. In crimes of a more serious character and a technical nature, it is undoubtedly the duty of the court to give full and explicit instructions as to the nature of the charge; but we ought not to convict the trial judge of error, in the absence of a request, for failure to define assault and battery, words which are in a measure self-defining, where all the elements of the offense are proved. We have repeatedly held a party may not sit silent and take his chances of a verdict, and then if adverse complain of a matter, which, if an error, would have been immediately rectified and made harmless: *Com. v. Eaby,* 52 Pa. Superior Ct. 619; *Tropical P. & O. Co. v. Sharon Bldg. Co.,* 313 Pa. 51, 169 A. 105.

Defendant testified that "they started making fun of me. I started cursing—you know, they started cursing and I cursed back. So the first thing, they walked over to me and I walked into them. His helper made a punch at me and I punched back. Then I was fighting both of them." Nowhere in the record is it contended that an assault and battery had not been inflicted upon Baker, and the sole question was whether it was an excusable assault. In failing to define the elements of assault and battery, appellant was benefited rather than prejudiced. In proving assault and battery the offense is made out whenever violence in ever so small a degree is done, while this record contains testimony that a severe assault was made upon Baker. If the appellant desired any further instructions, it was his duty to request, and having failed to do so, cannot be permitted to take advantage of what may be regarded, to say the most, an oversight. In trials

of misdemeanors, we have never held it the duty of the court below to charge on every matter that may be involved in the cause. The first assignment of error is overruled.

(2) In its charge, the court set forth the testimony of both sides stating as to defendant's story: "Yancer says that these people taunted him when he came in and made fun of him and said, 'Look who is here,' cursed at him and so forth, and then the two of them attacked him and that they struck the first blow, and that he struck only in self-defense. Well, that is what we have juries for, to decide between those two stories. Baker was struck. Was it an assault and battery, was it an inexcusable attack, or did Yancer act in self-defense? If it was without proper excuse, Yancer is guilty; if it was in self-defense he is not guilty. In considering both these bills, you will bear in mind what you have heard me say to other juries, that the defendant Yancer comes into the Courtroom presumed to be innocent, with the burden on the Commonwealth to the end of the case to prove his guilt beyond a reasonable doubt." Our courts have uniformly held that defenses of insanity, self-defense and alibi are affirmative defenses and the burden of proving such defense, by a fair preponderance of the evidence, is placed upon the defendant: *Com. v. Colandro,* 231 Pa. 343, 80 A. 571; *Com. v. Stein,* supra; *Com. v. Iacobino,* 319 Pa. 65, 178 A. 823. We recognize that in alibi cases it is the duty of the court to fully advise the jury as to the difference between the burden of proof resting upon the Commonwealth to establish guilt and that resting on the defendant with respect to the alibi set up; but we find no authority in this state requiring such instructions in a plea of self-defense, although we see much ground for distinction in not requiring such instructions with respect to such plea. Unlike insanity, self-defense, excusable homicide, etc., an alibi defense does not admit

the act charged and set up something by way of palliation or excuse; it denies the commission of the offense by the defendant, by asserting that he was somewhere else at the time: *Com. v. Stein,* 103 Pa. Superior Ct. 198, 158 A. 600. As we consider this objection in the light of the whole charge, we have concluded that the omission to advise the jury as to the difference between the burden of proof was to the advantage of the defendant. The court charged the jury that the burden was on the Commonwealth to the end of the case to prove defendant's guilt beyond a reasonable doubt, yet the court would have been fully warranted in saying to the jury that if it doubted, that is, unless it was satisfied by the preponderance of the evidence that the blows were struck in self-defense, the plea of self-defense had not been made out: *Com. v. Palmer,* 222 Pa. 299, 71 A. 100; *Com. v. Weinberg,* 276 Pa. 255, 120 A. 406; *Com. v. Baker,* 285 Pa. 77, 131 A. 655. If the defendant desired further instructions as to the burden of proof on the subject of self-defense, it was his duty to make such a specific request: *Com. v. Miele,* 94 Pa. Superior Ct. 531. Taking the charge as a whole, we are not convinced that in the court's failure to charge, any reversible error was committed.

(3) The court charged "that a reasonable doubt is not a possible doubt or a conjectural doubt, but such a doubt as if occurring in your own affairs would cause you to hesitate and refrain from acting." Appellant argues that the jury should consider the question of guilt with the same degree of care that they would exercise in deciding a matter of importance to themselves, and cites as authority *Com. v. Green,* 292 Pa. 579, 141 A. 624, where former Chief Justice MOSCHZISKER said: "The juror should be warned that he 'ought not to condemn unless he is so convinced by the evidence that he would venture to act upon that conviction in matters of ...... importance to his own in-

terest.'" In the case of *Com. v. Barrish,* 297 Pa. 160, 146 A. 553, on an appeal from a conviction of murder in the first degree, where the language of the court's opinion in *Com. v. Green,* supra, was discussed, no reversible error was found in a charge containing the following language: "A reasonable doubt such as would be taken notice of by a jury in deciding a case or a question in a case is of the same nature as a doubt that would cause a reasonable man in the conduct of his usual and ordinary affairs to stop, hesitate and seriously consider as to whether or not he should do a certain thing before finally acting." In its opinion the Supreme Court said: "What the Chief Justice announced presented possibly the limit of conviction to which the jury's judgment must be brought when determining whether a reasonable doubt existed from the facts before it." In the recent case of *Com. v. Dauphinee et al.,* 121 Pa. Superior Ct. 565, 590, 183 A. 807, in discussing the question of reasonable doubt, this court said: "The illustration uniformly used in the authorities is not that of a person hesitating to act while conducting his 'usual and ordinary affairs,' but when engaged in matters of 'importance' or 'highest concern' to himself." In thus speaking, we relied largely upon the opinion of the Supreme Court in *Com. v. Green,* supra, the attention of this court not having been brought to *Com. v. Barrish,* supra. The language "in your own affairs," as used in the court's charge, may be regarded as a medium between "usual and ordinary" and "important" affairs, and fully meets the test that our Supreme Court has approved.

The judgment as to Bill No. 199, August Sessions, 1935 is reversed and a new trial awarded.

The judgment as to Bill No. 201, August Sessions, 1935, is affirmed and the record remitted to the court below, and it is ordered that the defendant appear in the court below at such time as he may be there called,

and that he be by that court committed until he has complied with the sentence, or any part of it, which had not been performed at the time the appeal in this case was made a supersedeas.