## Commonwealth v. Spohn

G. J. *Glase* and C. C. *Mendelsohn*, for Commonwealth.
G. G. *Wink* and *Darlington Hoopes*, for defendant.

SHANAMAN, J., July 28, 1938.—Defendant was indicted for simple assault and battery. At the trial he testified that he had intentionally struck the blow, and he described attendant circumstances which, if found by the jury to have existed, entitled him to commit the battery as a lawful act of self-defense. The case was tried on this theory. The trial judge charged that the burden was on defendant to show by the fair weight of the evidence that the circumstances warranted a reasonable man in striking the prosecutor, as an act of reasonable self-defense. The court refused defendant's request to charge that the burden was on the Commonwealth to show defendant's guilt beyond a reasonable doubt. Defendant seeks a retrial because of this alleged error in the charge. The precise point appears never to have been ruled in an indictment for assault and battery. In Commonwealth v. Di Silvestro (No. 1), 31 Pa. Superior Ct. 537, the court in a prosecution for libel held that, since defendant at the trial admitted the publication by him of matter which the law declares malicious, there was no other point of fact growing out of the evidence which could raise a reasonable doubt, and that therefore the court was justified in refusing to charge concerning reasonable doubt. This case, involving a writing as the gravamen of the charge, represents perhaps the limit beyond which a refusal to charge on reasonable doubt would not be justified.

In Commonwealth v. Brown, 17 Dist. R. 89, involving murder, the court said:

"On such a charge the Commonwealth must make out its own case beyond a reasonable doubt, and to do this it

must show that the offence was committed by the defendant; that is, a killing purposely, not the result of an accident. In a case like the present, where this has been shown by the Commonwealth and admitted by the defendant, the rule as to the reasonable doubt has been fully complied with and no longer applies": p. 90.

". . . in a case like the present, where the defendant admits the killing and seeks to excuse it, the only question left for trial is as to the validity of the excuse. Under such circumstances the case is practically in the same position as if the defendant pleaded in confession and avoidance, and it is for him to point to a fair preponderance of evidence to sustain his defence": p. 92.

In the present case, we charged the jury in accordance with the principle just cited. After mature consideration we are of opinion that this was error.

We remark that the opinion in Commonwealth v. Brown, supra, while persuasive and highly respectable, is not obligatory upon us as authority. In Commonwealth v. Troup, 302 Pa. 246, involving the offense of murder, the Supreme Court said (p. 252) :

"Defendant attempted to set up an affirmative excuse, and the burden was therefore on him to establish it by the preponderance of the evidence, to be effective and justify a verdict exonerating him from responsibility. . . . Ordinarily, a defendant is entitled to an acquittal if an honest question of his guilt is engendered from any or all the evidence offered. . . . Such must arise out of evidence essential to the Commonwealth's case, whether bearing on some isolated point or the whole of the evidence. . . . Where, however, the right to a verdict rests on defendant's establishing by affirmative and satisfying proof some fact, it is not sufficient for him to merely raise a doubt as to its existence."

It seems clear that the doubt here stated by the Supreme Court to be insufficient to acquit is a doubt as to the existence of facts establishing the verity of the pleaded

self-defense. In Commonwealth v. Yancer, 125 Pa. Superior Ct. 352, the court said (p. 356) :

"Our courts have uniformly held that defenses of insanity, self-defense and alibi are affirmative defenses and the burden of proving such defense, by a fair preponderance of the evidence, is placed upon the defendant. . . . We recognize that in alibi cases it is the duty of the court to fully advise the jury as to the difference between the burden of proof resting upon the Commonwealth to establish guilt and that resting on the defendant with respect to the alibi set up; but we find no authority in this state requiring such instructions in a plea of self-defense, although we see much ground for distinction in not requiring such instructions with respect to such plea. Unlike insanity, self-defense, excusable homicide, etc., an alibi defense does not admit the act charged and set up something by way of palliation or excuse; it denies the commission of the offense by the defendant, by asserting that he was somewhere else at the time".

The quoted language recognizes the distinction between the pleas of alibi and self-defense, in that the plea of alibi does not, in and by itself, concede the perpetration of the act, but, if it was committed, assumes to establish the impossibility of the defendant's having committed it by affirmatively proving his absence at the alleged time and place of the offense. The plea of self-defense on the other hand necessarily and logically asserts and admits in and by itself that the act was committed, and seeks to excuse it by affirmatively proving circumstances which justify defendant's violence. It will be observed, however, that the Superior Court stopped short of holding that it was unnecessary to charge upon reasonable doubt, saying at page 357:

"The court charged the jury that the burden was on the Commonwealth to the end of the case to prove defendant's guilt beyond a reasonable doubt, yet the court would have been fully warranted in saying to the jury

that if it doubted, that is, unless it was satisfied by the preponderance of the evidence that the blows were struck in self-defense, the plea of self-defense had not been made out".

. In a civil case where the interests of private litigants are involved, and the interest of the public is not involved, except remotely or secondarily, an admission by either party, or a theory of the case adopted and practiced at its trial by a party thereto, or a stipulation of both parties entered into, has a certain force in limiting the right of such party to take an opposite position after the trial is over. In a criminal case the interest of the Commonwealth is directly and primarily concerned that the transgressor shall not be acquitted, but that no innocent person shall be convicted. Neither defendant's testimony nor the testimony of the Commonwealth's witnesses, to whatsoever extent they agree in painting a picture of guilt, is conclusive of guilt if discredited by the jury. After the testimony is in, it does not in such case have the force and effect of a case stated in a civil suit. A jury may conceivably disbelieve the whole of the testimony. They may disbelieve that a quarrel ever occurred, or that a blow was struck by anyone. They may disbelieve defendant's admission that he struck at all, or may reject his confession if such be formally offered. They may disbelieve the Commonwealth's entire testimony to the altercation having occurred. It is true that their doubt as to a defendant's guilt must be an honest doubt, and it must be engendered by some portion of the evidence offered. It is even true that where the plea is self-defense it must be something more than a doubt engendered by the failure of defendant to satisfy them that he was justified in striking the blow. Nevertheless, the question whether the Commonwealth has shown his guilt beyond a reasonable doubt, however clearly established by the oral testimony, both of the Commonwealth's witnesses and of defendant, must be submitted to the jury. Where the defense is self-

defense, the court may properly indicate that, there being no contest or question as to the blow having been intentionally delivered, the jury, if they find that it was delivered intentionally by defendant, shall then proceed to consider his defense, and the court may properly instruct the jury that defendant, to excuse himself, has the burden of showing the jury by the fair weight of the evidence on the question of self-defense, that he was actually acting in reasonable self-defense. It is our opinion that to adopt this rule is to protect the rights of the citizens, which, in the absence of such a rule might conceivably be jeopardized. We have, for instance, in the world's news, read of trials in certain parts of the globe where defendants, at sometime in human history, have been confronted by overwhelming testimony against them, have themselves admitted their guilt, and yet a grave doubt has arisen and lingered as to whether they were guilty at all. In human history circumstances have arisen when defendants, in order to protect their families, or their friends, and sometimes to protect themselves, have admitted the commission of acts testified to by many witnesses, which acts such defendants in fact never committed.

It is true that nothing of the sort projects itself into this case. It is quite clear that the only defense in the present case was that of self-defense. Nevertheless, even if we think the error harmless in this particular case, we consider the matter of sufficient importance to establish so far as we are able the maturely-weighed principle that the evidence of guilt, no matter how conclusive and though it proceed also from the lips of defendant, must, if defendant has not during the trial changed his plea to "guilty," be submitted to the jury as to every necessary element of the crime, accompanied by a proper charge as to the burden of the Commonwealth, and as to the burden of defendant, where such burden exists. In view thereof, and of the further fact that the jury's verdict of "guilty" was accompanied by a recommendation of mercy, we are

of opinion that in the interest of justice the case should be retried.

And now, to wit, July 28, 1938, the rule for new trial is made absolute.