## Commonwealth *v.* Tracey, Appellant.

Submitted April 24, 1939.

Before KELLER, P. J., CUN-NINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*Thomas D. McBride* and *Arthur W. A. Cowan,* for appellant.

*Ephraim Lipschutz,* Assistant District Attorney, with him *Charles F. Kelley,* District Attorney, for appellee.

PER CURIAM, October 12, 1939:

On November 16, 1936, three armed men entered the Methodist Episcopal Hospital in Philadelphia and at the point of a gun robbed an employee in charge, of $2,543.17 in her custody and control. Defendant was charged with the robbery and other related offenses. One Robert Roner also was charged with the same robbery in a separate indictment and, before the trial of defendant, had pleaded guilty but had not been sentenced. He was called as a witness by the defendant in this case and admitted that he had entered a plea

of guilty. He then asked, "Must I be a witness?" to which the trial judge replied: "Well, you can exercise your own constitutional right. You can testify, or you can remain silent, as you please. Nobody can compel you to talk; but if you talk, tell the truth." There followed this colloquy between defendant's counsel and the court: "Q. Does your Honor rule that if he is asked questions he need not answer them? A. Nobody can compel him to answer. Q. That is your Honor's ruling, and those are your Honor's instructions to the witness? A. Yes." The witness then refused to testify. This ruling, excepted to by defendant, is the subject of the seventh assignment of error.

The provision of Art. I sec. 9 of the Constitution of Pennsylvania that one cannot be compelled to give evidence against himself applies to witnesses no less than the accused (In re *Myers and Brei,* 83 Pa. Superior Ct. 383) and by the Act of May 23, 1887, P. L. 158 sec. 10, 19 P. S. 631, also, a witness "may not be compelled to answer any question which, in the opinion of the trial judge, would tend to criminate him."

This Act of Assembly explicitly, and the constitution implicitly, contemplate the questioning of a witness to a point where the claim of privilege properly may be asserted, for it can not be assumed that the entire examination will relate to subjects which will elicit self-incriminating testimony: *Com. v. Bell,* 145 Pa. 374, 22 A. 641; *Com. v. Klein,* 40 Pa. Superior Ct. 352. "If asserted, it must be when the time has arrived, when the conditions are present that make the exercise of the privilege reasonably necessary to secure the protection intended to be conferred": *Com. v. Bolger,* 42 Pa. Superior Ct. 115, ibid 229 Pa. 597, 79 A. 113. The ruling of the court, therefore, was premature, for a claim of privilege had not been asserted and no questions had been put to the witness.

Though we assume that the witness' testimony would have related to the crime which he admitted by his plea and that he intended to claim privilege but was forestalled by the ruling of the court, the ruling is open to criticism on more serious ground. Remaining silent whenever it reasonably appears that the testimony of a witness may result in self-incrimination is a personal privilege, and since it is but a privilege, it may be waived: *Com. v. Bolger*, supra. A waiver may result from former acts, e. g., by admissions or the giving of testimony: *Com. v. House*, 6 Pa. Superior Ct. 92. And the privilege against self-incrimination when once waived cannot be reasserted: 3 Wharton Crim. Ev. 1144; *Com. v. House*, supra;

What the constitution and the Act of 1887 guarantee is the protection of a witness from incriminating himself. Where he has already done so by a solemn admission of guilt in a plea to the charge, he must be regarded as having waived his privilege, for any testimony he could give, necessarily would be less incriminating in degree than his absolute plea of guilty to the charge: *State v. Knudtson*, 11 Idaho 524, 83 P. 226. The defendant under the constitution was entitled to the benefit of this witness' testimony. The court could have protected him by restricting the examination to subjects within the scope of his waiver. The fact that judgment may not have been entered on the plea of guilt and sentence imposed, is of no moment. It is not the judgment of the court but the voluntary act of the witness himself which makes the waiver irrevocable. The seventh assignment of error must be sustained.

The ninth assignment of error complains that the court erred in failing to define the nature and essential elements of the crimes upon which the defendant was tried. The charge of the court on the subject contains only the following: "The defendant is Harry Tracey.

He is charged in four bills of indictment as follows: In one, assault, being armed with an offensive weapon with an attempt to rob, assault together with other persons, weapon with attempt to rob, robbery, being armed with an offensive weapon, robbery, together with other persons, committing a crime of violence while armed in violation of the law; in another, entering with intent to commit a felony, committing crime of violence while armed in violation of the law; in another, carrying a concealed deadly weapon, unlawfully carrying a firearm without a license." Nowhere in the charge are there definitions of these offenses or instructions as to the elements essential to them.

Where the charge is inadequate merely, and a more comprehensive description of the crime with which a defendant is charged is desired, counsel should request it: *Com. v. Newson,* 277 Pa. 48, 120 A. 707; *Com. v. Pacito,* 229 Pa. 328, 78 A. 828; *Com. v. Buoy,* 128 Pa. Superior Ct. 264, 193 A. 144. But "it is the duty of the trial court to properly instruct the jury as to the nature and character of the crime on trial so that there may be no doubt in the minds of the jurors as to a proper application of the facts they may find": *Com. v. Brown,* 58 Pa. Superior Ct. 300. On charges of minor misdemeanors this is not always essential, but "in crimes of a more serious character and a technical nature, it is undoubtedly the duty of the court to give full and explicit instructions as to the nature of the charge": *Com. v. Yancer,* 125 Pa. Superior Ct. 352, 189 A. 684. "While as a general rule a judgment will not be reversed on account of the failure of a trial judge to instruct as to particular points where a request has not been made for such instruction, there still remain certain fundamental duties which the trial court, even in the exercise of the broad discretion given it, may not omit: *Com. v. Stein,* 305 Pa. 567, 571, 158 A. 563. One of the primary requisites in doing substantial justice

to all parties concerned is that the jury shall clearly appreciate the exact issues involved": *Com. v. Gold,* 123 Pa. Superior Ct. 128, 186 A. 208.

The jury convicted defendant of all the crimes charged. They are serious offenses and all are not self-defining. The failure to give proper instructions descriptive of their nature is fundamental error, and it is unimportant that counsel made no request for additional instructions supplying the deficiency. This assignment of error must be sustained.

Since these cases must be re-tried, some reference should be made to the subject of the first assignment. The defendant in three separate indictments was charged with robbery and other related offenses. In a fourth indictment he was charged with aggravated assault and battery. All of the charges in the three indictments relate to the entry of the hospital building and the robbery of the custodian. The fourth indictment charges a misdemeanor arising out of an injury by an automobile driven by defendant on another occasion in no way connected with the felonies charged in the other indictments. The trial judge consolidated these charges and, over objection, the defendant was tried on all of them before the same jury. He was convicted on all counts of the four indictments but was sentenced on the robbery count alone.

The propriety of the consolidation of the three indictments charging related crimes arising out of the same circumstances, where the testimony of every witness as to any of the charges was admissible on all counts of every indictment, is not questioned and, in fact, cannot be challenged. In *Com. v. Brown,* 264 Pa. 85, 107 A. 676, and also in *Com. v. Valotta,* 279 Pa. 84, 123 A. 681, two separate charges of murder were consolidated and tried together and the defendant convicted on each. Referring to the Valotta case, this court has stated the

rule thus: "The propriety of trying two indictments of this character before the same jury is a matter in which the trial court is invested with discretion and the ruling of that court will not be reversed unless it is made clearly to appear that the rights of the defendants have been thereby prejudiced": *Com. v. Danaleczk*, 85 Pa. Superior Ct. 253. Whether the rights of a defendant will be prejudiced by trial before the same jury is the determining consideration.

We are of the opinion that defendant in the trial of the assault and battery case was prejudiced by the charges of serious crimes tried before the same jury. The felonies and the alleged assault occurred on different days and were in no way related. No testimony supporting any of the felonies was either competent or material on the trial of the misdemeanor. The jury may have been, and probably was, influenced on the charge of assault and battery by the fact that the defendant was charged also with robbery, for in our opinion the evidence fell short of showing circumstances from which the necessary criminal intent could be inferred; but we are unable to agree that the testimony of a misdemeanor, rising little higher than reckless negligence in the operation of an automobile, not imputing moral turpitude, in any way affected the rights of the defendant to his prejudice on the trial of the felony charges.

We find no substantial merit in the remaining assignments of error.

Each of the judgments is reversed and new trials are awarded.