## Commonwealth ex rel. Allen v. Baldi, Superintendent

John H. Maurer and James W. Tracey, Jr., for Commonwealth.

Herman I. Pollock, for relator.

OLIVER, P. J., January 11, 1952.—This case is before the court on an informal petition for a writ of habeas corpus, filed by petitioner under commitment in the county prison, as attorney pro se.

Petitioner was originally indicted and tried jointly with two other defendants in the Philadelphia Court of Oyer and Terminer in 1948 on a charge of assault with intent to rob and robbery. In the trial judge's charge to the jury, there was no attempt to define the crime charged. In fact, the crime of robbery was not even discussed. On the other hand, conspiracy to rob was discussed although there was no indictment covering that crime. After a verdict of guilty, petitioner was sentenced for a term of 5 to 10 years.

There are two questions before the court. First, does the above error in the trial judge's charge constitute fundamental error, in violation of petitioner's right to due process; and secondly, if so, will habeas corpus lie to correct such error.

I am of the opinion that the failure of the trial judge to define the crime charged by the indictment constitutes fundamental error. A line of cases culminating in Commonwealth v. Weatherwax et al., 166 Pa. Superior Ct. 586, in which it was said at page 588:

"The offenses named in the indictment were most serious and the failure of the trial judge to define them and to relate them to the single crime of robbery disclosed by the Commonwealth's proofs, was fundamental error. . . . And we have given notice that we intend to adhere to the rule that, as to serious crimes, it is a fundamental duty of the trial judge to give full and explicit instructions as to the nature of the charges."

That this notice has been unequivocal and often repeated is clear from Commonwealth v. Tracey, 137 Pa. Superior Ct. 221, 227; Commonwealth v. Gold, 123 Pa. Superior Ct. 128, 131; Commonwealth v. Yancer, 125 Pa. Superior Ct. 352, 357. Furthermore, the trial judge in the Weatherwax case, supra, commented at length and in all fairness on all the testimony, and followed by instructions on unanimity, reasonable doubt, and presumption of innocence. None of these procedural safeguards were respected in this petitioner's trial. In fact, the trial judge expressed his opinion as to defendant's guilt without reservation and in strong language, at one point referring to defendant as a thief.

But can the errors described above be taken advantage of by writ of habeas corpus? It may be stated as a well-settled doctrine that the writ of habeas corpus cannot be used as a substitute for an appeal. Many cases can be found which state that, once the period for appeal has run, defendant can no longer take steps to correct errors which occurred during trial. However, recent cases have driven a wedge into this common-law doctrine. Habeas corpus is basically a method

of correcting illegal sentences. To use habeas corpus to correct errors in trial which normally must be corrected by appeal, the following reasoning has been adopted: Fundamental error in the conduct of trial vitiates the entire proceedings and renders the trial a nullity. Any sentence imposed on a conviction obtained after such an illegal trial has no validity as there is no basis upon which to found such sentence. See Johnson v. Zerbst, Warden, 304 U. S. 458, cited in Com. ex rel. Shultz v. Smith, Warden, 139 Pa. Superior Ct. 357; Commonwealth ex rel. Townsend v. Burke, Warden, 361 Pa. 35. The recent Pennsylvania cases refusing the writ of habeas corpus as a substitute for appeal either involve no fundamental error or the appellate court found as a fact that the record disclosed no fundamental error as alleged by petitioner. See Commonwealth ex rel. Smith v. Ashe, Warden, et al., 364 Pa. 93; Commonwealth ex rel. Spencer v. Ashe, Warden, 364 Pa. 442; Commonwealth ex rel. Milewski v. Ashe, Warden, 362 Pa. 48; Commonwealth ex rel. McGlinn v. Smith, Warden, 344 Pa. 41; and Commonwealth ex rel. Penland v. Ashe, Warden, 341 Pa. 337, which expressly recognizes the right to use of habeas corpus where there has been fundamental error.

Here we have fundamental error in failure to define the crime with which this petitioner was accused.

"To . . . hold that this basic and fundamental error cannot be taken advantage of except by an appeal from judgment, . . . within forty-five days by a prisoner who is not aware of his rights, is not versed in the law, has no attorney and no means to procure one, would be an injustice which our law does not sanction": Com. ex rel. Shultz v. Smith, Warden, 139 Pa. Superior Ct. 357.

In the case before us the accused was represented by an attorney appointed by the court a few minutes before the trial began. He represented the accused so

inadequately that he failed to take an exception to any of the matters herein referred to.

Pursuant to order dated January 4, 1952, the petition is granted and respondent is directed to release relator from confinement on this indictment. Relator is remanded to the Philadelphia County Prison to await trial on said indictment.