## Commonwealth *v.* Gutshall, Appellant.

*Criminal law—Alibi—Evidence.*

When an accused resorts to the defense of alibi, the evidence must cover the time when the offense is shown to have been committed, so as to preclude the possibility of the prisoner's presence at the time and place of the crime.   The defendant makes no admission of guilt by setting up an alibi, yet the value of the defense consists in its showing that he was absent from the place where the deed was done, at the very time of its commission, for if it be possible that he could have been at both places, the proof of the alibi is valueless.   The facts established by the evidence in support

of this defense, must make it impossible that the defendant could have been present at the commission of the crime. When the evidence, if believed, does not establish such facts, the accused derives no benefit from it upon that particular branch of his defense, but it still remains in the case for all other purposes.

The prisoner's failure to prove an alibi when set up by him does not relieve the commonwealth from proving beyond a reasonable doubt that he committed the crime. When considered as a distinct element of the defense, the burden is upon the accused who asserts the fact upon which the defense is based to establish it by fairly preponderating evidence. This defense does not, however, raise any collateral issue which is to be distinctly and separately determined. It is as much a traverse of the crime as any other defense, and proof establishing it, though not clear, may, nevertheless, with other facts in the case, raise that reasonable doubt which must result in an acquittal.

It is error for the court in speaking of the defense of alibi in its charge, to say : " Because it is usually made out by members of the family of the accused, the law says it must be made out very clearly and satisfactorily, that is, that the proof must be pretty positive ; that it must be such proof as will carry conviction to your minds and which should preponderate and fix pretty thoroughly the place that the defendants allege them-, selves to be ; that the evidence must establish pretty thoroughly that they were at the identical place that they allege they were on the night that the crime was committed."

Argued Oct. 27, 1902. Appeal, No. 22, March T., 1903, by defendants, from judgment of O. & T. Perry Co., on verdict of guilty in case of Commonwealth v. Jeremiah Gutshall and Ellis Yohn. Before BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Reversed.

Indictment for burglary. Before SCHULL, P. J.

At the trial the defendants relied upon testimony offered to show an alibi.

The court charged in part as follows:

[The defense in this case is what is known in the law as an alibi, that is, that the defendants were elsewhere at the time of the commission of the crime. No person can be at two places at one and the same time. These defendants could not be at the premises of Jeremiah Gutshall and at the same time be at the premises of Frederick Hammer. If they were at home, as they were, they could not have been at Hammer's. If they were at Hammer's as testified by Addison Simington, then they

could not have been at Gutshall's. An alibi is a very common defense on the part of criminals. When there is nothing else they can base a defense upon, this is the one that is very frequently resorted to, and because it is usually made out by members of the family of the accused the law says it must be made out very clearly and satisfactorily, that is, that the proof must be pretty positive, that it must be such proof as will carry conviction to your minds and which should preponderate and fix pretty thoroughly the place that the defendants allege themselves to be; that the evidence must establish pretty thoroughly that they were at the identical place that they allege they were on the night that the crime was committed.] [1]

Verdict of guilty upon which judgment of sentence was passed.

*Errors assigned* were (1, 2) above instructions, quoting them.

*James M. Barnett,* with him *J. L. Markel,* for appellants.— The language of the charge to the jury, quoted in the assignments of error, is erroneous and prejudicial to the defendants in disparaging the defense of alibi, and in holding the defendants to a higher degree of proof than the law requires: Com. v. Fisher, 15 Phila. 386; Fife v. Com., 29 Pa. 429; Briceland v. Com., 74 Pa. 463; Turner v. Com., 86 Pa. 54; Watson v. Com., 95 Pa. 418; Rudy v. Com., 128 Pa. 500; Com. v. Gerade, 145 Pa. 289.

*James M. Sharon,* district attorney, with him *James M. McKee,* for appellee.—The instructions were proper: Briceland v. Com., 74 Pa. 463; State v. Blunt, 59 Iowa, 468 (13 N. W. Repr. 427); People v. Wong Ah Foo, 69 Cal. 180 (10 Pac. Repr. 375); People v. Lee Gam, 69 Cal. 522 (11 Pac. Repr. 183); Huff v. State, 91 Ga. 5 (16 S. E. Repr. 99); Turner v. Com., 86 Pa. 54; Watson v. Com., 95 Pa. 418; Rudy v. Com., 128 Pa. 500.

OPINION BY W. D. PORTER, J., February 11, 1903:

Complaint was made of that portion of the charge relating to the defense of alibi. When an accused resorts to this defense, which is affirmative in its nature, the evidence must

cover the time when the offense is shown to have been committed, so as to preclude the possibility of the prisoner's presence at the time and place of the crime. The defendant makes no admission of guilt by setting up an alibi, yet the value of the defense consists in its showing that he was absent from the place where the deed was done, at the very time of its commission ; for if it be possible that he could have been at both places, the proof of the abili is valueless. The facts, established by the evidence in support of this defense, must make it impossible that the defendant could have been present at the commission of the crime. When the evidence, if believed, does not establish such facts, the accused derives no benefit from it upon that particular branch of his defense, but it still remains in the case for all other purposes. The prisoner's failure to prove an alibi when set up by him does not relieve the commonwealth from proving beyond a reasonable doubt that he committed the crime. When considered as a distinct element of the defense, the burden is upon the accused who asserts the fact upon which the defense is based to establish it by fairly preponderating evidence. This defense does not, however, raise any collateral issue which is to be distinctly and separately determined. It is as much a traverse of the crime as any other defense, and proof establishing it, though not clear, may, nevertheless, with other facts in the case, raise that reasonable doubt which must result in an acquittal : Turner v. Com., 86 Pa. 54 ; Watson v. Com., 95 Pa. 418 ; Briceland v. Com., 74 Pa. 463 ; Fife et al. v. Com., 29 Pa. 429.

The instructions of the learned judge of the court below with regard to the general nature of this defense and the necessity for a careful consideration of the testimony were free from error. When, however, he came to instruct the jury as to the measure of proof required of the defendants, he imposed upon the latter a burden not warranted by modern criminal law. The court in speaking of this defense, said : " Because it is usually made out by members of the family of the accused, the law says it must be made out very clearly and satisfactorily, that is, that the proof must be pretty positive, that it must be such proof as will carry conviction to your minds and which should preponderate and fix pretty thoroughly the place that the defendants allege themselves to be ; that the evidence must estab-

lish pretty thoroughly that they were at the identical place that they allege they were on the night that the crime was committed." If a defense of this character is to be considered as of a substantive nature, then the burden was upon the accused to establish the facts upon which the defense rested to the satisfaction of the jury; a satisfaction such as flows fairly from the preponderance of the evidence: Rudy v. Com., 128 Pa. 500. When the learned judge of the court below instructed the jury that the defense "must be made out very clearly and satisfactorily," the body of laymen to whom the language was addressed must have understood that it referred to the effect of the evidence upon their minds as jurors. "It was almost equivalent to saying, proved beyond a reasonable doubt; because, if any doubt as to the existence of a particular fact exists, it cannot be said to be clearly proved:" Com. v. Gerade, 145 Pa. 289; Com. v. Woodley, 166 Pa. 463. The effect of this instruction was to withdraw from the further consideration of the jury all testimony in support of an alibi, in case they failed to find in favor of the defendants upon that distinct issue. The appellants were entitled to have all the evidence which they had presented in traverse of the general issue considered by the jury in passing upon the question of their guilt. The error was not cured by any other instruction embraced in the charge. True it is that the learned judge instructed the jury that there could not be a conviction unless the accused were shown to be guilty beyond a reasonable doubt. When he proceeded to explain to the jury what constituted a reasonable doubt, we find him saying that it "must be such a doubt as would create in your minds a want of a sufficient amount of evidence being adduced upon the part of the commonwealth wherein you can say you have an abiding conviction in the guilt of the accused, and if you find that such a doubt arises in your minds that is the property of the defendant." This is substantially the error which was criticised in Watson v. Com., supra: "Nothing could be plainer than that the testimony of the commonwealth was alone submitted on which the jury were to determine whether the defendants were guilty, if they were not satisfied the alibi was proved."

The judgment is reversed and a venire facias de novo awarded.