## Commonwealth *v.* Palmer, Appellant.

*Criminal law—Murder—Self-defense—Burden of proof—Evidence.*

On the trial of an indictment for murder, the court commits no error in charging on the subject of self-defense, as follows: "If there be a reasonable doubt that any offense has been committed by the prisoner, it operates to acquit, but if the evidence clearly establishes the killing by the prisoner purposely, with a deadly weapon, an illegal homicide of some kind is established, and the burden then falls upon the prisoner, and not the commonwealth, to show that it was excusable as an act of self-defense. If, then, his evidence leaves his extenuation in doubt, he cannot be acquitted of all crime, but must be convicted of homicide in some of its grades, of manslaughter at least."

The burden of proving self-defense is not placed heavily upon one accused of taking life. Sacred as is human life, he is not bound to show beyond all doubt that he was compelled to take it, but is humanely permitted to satisfy the jury by a fair preponderance of the testimony that he killed under circumstances justifying his belief that his own life could not otherwise have been saved. To doubt, however, even to reasonably doubt, that life was taken in self-defense, is not to be satisfied that it was so taken, and when this affirmative defense is left in doubt it has not been established at all as a basis for acquittal. Per BROWN, J.

Argued Oct. 5, 1908. Appeal, No. 186, Jan. T., 1908, by defendant, from judgment of O. & T. Berks Co., Dec. T., 1907, No. 71, on verdict of guilty of murder of the first degree in case of Commonwealth v. Frank Palmer. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Indictment for murder. Before ENDLICH, J.

The facts are stated in the opinion of the Supreme Court.

Verdict of guilty of murder of the first degree. Defendant appealed.

*Error assigned* was portion of charge quoted in the opinion of the Supreme Court.

*Robert Grey Bushong,* with him *D. N. Schœffer,* for appellant.

*Harry D. Schœffer,* district attorney, for appellee, was not heard.

OPINION BY MR. JUSTICE BROWN, October 12, 1908:

The victim of this homicide was a woman with whom the prisoner had lived in illicit relations. He admitted the killing, but attempted to justify it as an act of self-defense. His story on the trial was that they had quarrelled a number of times; that on the evening of the killing they went to a lonely spot in the city of Reading, where they again quarrelled; that she there drew a revolver upon him, which he took from her and threw away; that she then grabbed him and struck him with some object; that before he started with her to the place of the killing, he had put a razor in his pocket for his protection, thinking she would attempt to do him bodily harm, and that when she grabbed him a second time, believing his life was in danger, he threw his arm around her neck and, holding her head back, cut her throat; that without releasing him she sank down, and he then, sitting upon her stomach, cut her throat a second time. The uncontradicted evidence was that there were five cuts upon her body.

On this appeal two errors are alleged to have been committed by the court below, the first in the following instruction to the jury: "As to whether a reasonable doubt shall establish the existence of a plea of self-defense, the law is this: If there be a reasonable doubt that any offense has been committed by the prisoner, it operates to acquit, but if the evidence clearly establishes the killing by the prisoner purposely, with a deadly weapon, an illegal homicide of some kind is established, and the burden then falls upon the prisoner, and not the commonwealth, to show that it was excusable as an act of self-defense. If, then, his evidence leaves his extenuation in doubt, he cannot be acquitted of all crime, but must be convicted of homicide in some of its grades, of manslaughter at least." These are the exact words of AGNEW, J., in his charge to the jury when specially presiding in Com. v. Drum, 58 Pa. 9. That charge was accepted at the time by his associates in this court as a clear and correct exposition of the law of homicide and as a precedent

and guide in the trial of such cases. We have since frequently approved it, the present chief justice very recently saying of it: "Its substantial accuracy has never been challenged:" Com. v. Pease, 220 Pa. 371.

When the commonwealth clearly establishes an intentional killing by the use of a deadly weapon, an illegal homicide is presumed. If the defense be insanity, the burden of sustaining it is upon those having charge of the defense, for the accused is presumed to be sane and his insanity must be established by a fair preponderance of the testimony: Ortwein v. Com., 76 Pa. 414; Meyers v. Com., 83 Pa. 131; Coyle v. Com., 100 Pa. 573; Com. v. Barner, 199 Pa. 335. And so of self-defense, for there is no presumption, in the face of clear evidence of intentional killing with a deadly weapon, that life was taken that life might be spared. The presumption is otherwise, in the absence of anything developed to the contrary in the commonwealth's presentation of its case, and when the attempt is made to rebut that presumption by the affirmative plea of self-defense, it must be made out by a fair preponderance of evidence. The guilt of the accused must be established in the first instance beyond a reasonable doubt, and when so established he is not to be acquitted because the jury, after hearing him or his witnesses, may be in doubt whether he acted in self-defense. In making that defense, he admits his intentional killing of another—a crime under divine and human law, unless it appear in the proof of the killing that it was excusable—and the burden is righteously upon him to show that it could not be avoided. "We may take it for a general rule that all homicide is malicious, and of course amounts to murder, unless where justified by the command or permission of the law, excused on the account of accident or self-preservation, or alleviated into manslaughter by being either the involuntary consequence of some act not strictly lawful, or (if voluntary) occasioned by some sudden and sufficiently violent provocation. And all these circumstances of justification, excuse, or alleviation, it is incumbent upon the prisoner to make out to the satisfaction of the court and jury, the latter of whom are to decide whether the circumstances alleged are proved to have actually existed,

the former how far they extend to take away or mitigate guilt. For all homicide is presumed to be malicious until the contrary appeareth upon evidence:" 4 Blackstone's Commentaries, 201. The burden of proving self-defense is not placed heavily upon one accused of taking life. Sacred as is human life, he is not bound to show beyond all doubt that he was compelled to take it, but is humanely permitted to satisfy the jury by a fair preponderance of the testimony that he killed under circumstances justifying his belief that his own life could not otherwise have been saved. To doubt, however, even to reasonably doubt, that life was taken in self-defense, is not to be satisfied that it was so taken, and when this affirmative defense is left in doubt it has not been established at all as a basis for acquittal.

There was nothing in the case justifying the presentation of the prisoner's sixth point, and it was therefore properly declined and not read to the jury.

Both assignments of error are overruled, the judgment is affirmed and the record remitted for the purpose of execution.