## Commonwealth *v.* Barrish, Appellant.

Argued March 18, 1929. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*B. D. Oliensis,* for appellant.—The jury are not always the sole and exclusive judges of the credibility of a witness; and (in extreme cases, to be sure) where testimony, upon which a conviction is sought, is utterly discredited and clearly unworthy of belief, it is not only the privilege but absolutely the duty of the trial judge to so declare, no matter what the jury's verdict might be: Com. v. Bone, 64 Pa. Superior Ct. 44; Sloan v. Ry., 225 Pa. 52; Maloy v. Rosenbaum Co., 260 Pa. 466; Com. v. Klein, 91 Pa. Superior Ct. 566.

A reasonable doubt, in order to operate as an acquittal, need not be such as would cause one to pause and hesitate in the conduct of his usual and ordinary affairs: Com. v. Green, 292 Pa. 579.

It was improper to charge that the alibi set up by defendant should be carefully scrutinized and weighed; and that, if the latter failed in proving it to the satisfaction of the jury, it fell completely: Com. v. Andrews, 234 Pa. 597; Meyers v. Com., 83 Pa. 131; Com. v. Gutshall, 22 Pa. Superior Ct. 269; Watson v. Com., 95 Pa. 418.

*Vincent A. Carroll,* Assistant District Attorney, with him *John Monaghan,* District Attorney, for appellee.—The testimony of the witness, McKissick, was sufficient to sustain the conviction: Com. v. Priest, 272 Pa. 549.

It is proper to charge that reasonable doubt, in order to operate an acquittal, must be such as would cause one to stop and hesitate in the conduct of his usual and ordinary affairs: Com. v. Drum, 58 Pa. 1; Com. v. Bryson, 276 Pa. 566; Com. v. Cyaus, 88 Pa. Superior Ct. 227.

Where an alibi is set up by defendant, it is proper to charge that it should be carefully scrutinized and weighed; and that, if the latter fails in proving it to the

satisfaction of the jury, the alibi falls completely: Meyers v. Com., 83 Pa. 131; Rudy v. Com., 128 Pa. 500; Com. v. Fife, 29 Pa. 429.

OPINION BY MR. JUSTICE KEPHART, April 22, 1929:

Appellant was convicted of first degree murder with imprisonment for life as a penalty. A number of bandits attempted to rob an armored car of the Belmont Trust Company in Philadelphia as it stood on the east side of 49th Street in front of that bank. In the struggle that ensued, Thomas Kennedy, one of the bank guards, was killed and another seriously injured. The robbers, having failed to accomplish their purpose, fled from the scene of the crime down 49th Street to Saybrook Avenue, where they entered a waiting automobile that had been parked along the curb to enable a quick escape. Later appellant was arrested and charged as being one of the group connected with the killing. He was identified by McKissick, a garbage collector, as being the man who sat in the driver's seat of the car as it waited for the party to come from the hold-up. McKissick passed defendant several times while working about the side streets and was very positive in his identification. He was subjected to very severe cross-examination, but his story in the main was not shaken. As he was the only witness who identified defendant, most of the argument in the present case is based upon his alleged contradictions, reputation for veracity, and testimony that he was little better than an imbecile. At this point, we may observe, counsel who appeared before us were not of counsel who tried the case.

The trial judge and twelve jurors heard his testimony; they had the advantage of seeing the witness and observing his demeanor on the stand, and, if the testimony is as bad as it is here urged on us, undoubtedly they would have noted it, and decided accordingly. The court below, in passing finally on this subject, when the motion for a new trial was refused, said: "The atmos-

phere of the case......was not pleasant. The Barrett and Bailey family, associates of the defendant, Barrish, are members of the Bailey gang known for desperate deeds done. What effect this may have had upon the jury cannot be determined. The testimony of McKissick standing alone, if believed, would have been sufficient for the jury to have convicted the defendant."

Our examination of the evidence leads to the conclusion that neither the court below nor this court could properly interfere with the right of the jury to determine the question of guilt where there was proof sufficient to sustain such a finding. It has been wisely ordained under our system of jurisprudence that the jurors from the body politic generally, who know the feelings, sympathies and viewpoint of life of the particular community from which they are drawn, should alone be the persons to try and determine the facts; our interference in that domain would not only be detrimental to the system but would be merely the substitution of our judgment for theirs. The trial judge who saw and heard the witness was sufficiently satisfied with the finding of the jury not to interfere with the verdict, and we see no reason to do so.

Appellant complains of the charge of the court on the question of reasonable doubt. The court stated: "Reasonable doubt must be a doubt arising from the evidence, substantial, well-founded on reason and common sense. It is not merely any passing fancy that might come into the mind of a jury. A reasonable doubt such as would be taken notice of by a jury in deciding a case or a question in a case is of the same nature as a doubt that would cause a reasonable man in the conduct of his usual and ordinary affairs to stop, hesitate and seriously consider as to whether or not he should do a certain thing before finally acting. It is something different and more serious than a possible doubt, for a possible doubt exists in all things. Any conclusion which the jury might reach, which satisfies the reason and judgment to a moral cer-

tainty, is a sufficient conclusion upon which to form a verdict." Appellant avers the true test is that the doubt should be one that would cause a person to pause and hesitate in matters of importance to himself, quoting the Chief Justice in Com. v. Green, 292 Pa. 579, 591. The first conflict is between "usual and ordinary affairs" and "matters of importance." What the Chief Justice announced presented possibly the limit of conviction to which the jury's judgment must be brought when determining whether a reasonable doubt existed from the facts before it. It is apparent then that what the court below said was favorable to the accused, as it requires a less degree of persuasion, and less care in the analysis of emotions to determine action in the ordinary affairs of life than it does with those of importance. In important matters, the motivating cause is usually of a personal nature wherein benefit plays a part; while ordinary affairs may be important, in the distinction here made, they are of less degree than "important affairs." In ordinary affairs the mind is unrestrained and has a freedom not present when dealing with important matters; one does not think so much of the results when dealing with ordinary or unimportant matters, because the consequences are not relatively so vital: Com. v. Bryson, 276 Pa. 566, 573. We find no reversible error in this respect, because it favored defendant."

The next complaint refers to the charge of the court on the evidence of an alibi. The charge reads: "The defense in this particular case is that of an alibi. An alibi is a perfect defense, for it does not necessarily deny that the crime is committed, but is designed to prove that the defendant during the whole of the time was so far from the place where the crime was committed that he could not have participated in it. The evidence as to this part of the defense should be carefully scrutinized and weighed by the jury as in all cases, which requires frequently very great nicety as to the recollection by witnesses of particular dates and events, of particular

hours or half hours or even minutes of the day on which the offense to which it relates was committed. The setting up of an alibi as a defense does not change the burden upon the Commonwealth by the plea of not guilty of the prisoner, or waive his right to demand from the Commonwealth, before he can be convicted, a full and complete proof of his guilt beyond a reasonable doubt. Where a person sets up an alibi as a defense, the burden of proving his alibi to the satisfaction of the jury is thrown upon him. If he does not do this, his defense of alibi falls completely." What is singled out as harmful are the phrases, "carefully scrutinize and weigh the evidence," and if the evidence of an alibi is not satisfactory to the jury "the defense of alibi falls completely."

It is urged that the evidence of an alibi should not be the subject of separate instructions on the burden of proof any more than any other evidence denying guilt or confirmatory of innocence wherein reasonable doubt should be the only governing consideration, and that the above rule on the burden of proof as to an alibi is inconsistent with reasonable doubt in that more persuasion by evidence is required by the rule than is necessary to bring the mind to a state of doubt. It is still further urged that the instruction deprives the defendant of the benefit of his presumption of innocence and places on him the burden of proving to the satisfaction of the jury that he was not guilty; the alibi, to which the word "satisfy" relates, merely shows that he was not at the place where the crime was committed: Glover v. United States, 147 Fed. 426.

The law of our State requires specific instructions to be given relative to the burden of proof in an alibi, and the degree of persuasion necessary to support a conclusion that the accused was not at the place where the crime was committed. A defense of an alibi is strictly a traverse of the Commonwealth's case, just as any other answer, explanation or refutation. See Turner v. Com., 86 Pa. 54, 74. One of the material averments of the

indictment is that the accused was at the scene of the crime as its perpetrator; this is essential to the Commonwealth's case, and an alibi refutes the contention. We have held that "when an accused resorts to this defense [of alibi], which is affirmative in its nature, the evidence must cover the time when the offense is shown to have been committed, so as to preclude the possibility of the prisoner's presence at the time and place of the crime": Com. v. Gutshall, 22 Pa. Superior Ct. 269, 271, and authorities cited. In Briceland v. Com., 74 Pa. 463, 464, we approved a charge in which it was said: "Without attempting to contest or rebut the evidence of facts sustaining the charge, it attempts to prove affirmatively another fact wholly inconsistent with it; and this defense is equally available, if satisfactorily established, to avoid the force of positive as of circumstantial evidence." In Rudy v. Com., 128 Pa. 500, 508, we said: "The burden of proving it [the alibi] was clearly on the prisoner. If he failed to do so to the satisfaction of the jury, the alleged alibi, as a substantive defense, was valueless." See also Com. v. McMahon, 145 Pa. 413. While it may be better form to regard the evidence of an alibi as a traverse (see Wharton on Criminal Evidence [10th ed.], volume 1, 673, section 333; Wigmore on Evidence [2d ed.], volume 5, section 2512 c), it is in answer to an essential ingredient of the Commonwealth's case and an effort to establish, by other facts entirely disassociated from the main body of the Commonwealth's case, an exculpatory situation. As to whether such evidence is of a character as to be wholly new matter, hence an affirmative defense, we need not say anything more than has been said; we are discussing the rule governing its use, the burden of proof and instruction to the jury thereon.

The facts in such defense are almost exclusively within the knowledge of the accused. In viewing this testimony as arrayed against the Commonwealth's case showing guilt, the court should instruct the jury as to

its nature, its purpose and the degree of persuasion necessary to establish it. There is a reason of public policy that justifies such a conclusion. An alibi is frequently used as a defense. The facility with which testimony to support it may be procured from well-meaning or designing persons, their observations as to time and place being often tempered by the fact that the defendant is accused of a crime, the fact that memory, not certain at the best, is easily molded to situations logically presented by those in interest, the interest of the witness in the defendant and the fact that it is a most difficult answer to meet, make it necessary that some rule should be laid down, designed to inform the defendant of the quantity and quality of proof necessary to establish such defense. So we have said, evidence that reasonably satisfies or reasonably preponderates is sufficient. To permit evidence of an alibi to be considered by the jury without some instruction as to its probative value or the degree of persuasion necessary before it attains any value, would introduce a false note in the case, as it would permit the jury to adopt their own idea of its worth; they would have no standard to determine its effect. All evidence should have some degree of probative force.

Any rule that takes from the evidence of alibi its capacity to raise a reasonable doubt as to the prisoner's guilt would be incorrect, and against the great weight of authority. See the collection of authorities in Wharton and Wigmore, supra. Apparently the only state holding a contrary rule is South Carolina. The Pennsylvania rule recognizes this capacity, though it may seem a trifle incongruous in view of what we have said as to the burden of proof of the alibi. The latter is necessary to properly convey to the jury the judical experience with certain issues involved in criminal cases. Where one is accused of having committed a crime and from all the proof submitted, including the evidence as to the alleged alibi, a doubt exists in the jury's mind as

to whether the accused was at the scene of the homicide at the time of the commission of the crime, this may be enough. to warrant acquittal because of a reasonable doubt of guilt: Turner v. Com., supra; Watson v. Com., 95 Pa. 418; Briceland v. Com., supra; Fife et al. v. Com., 29 Pa. 429; Com. v. Gutshall, supra; Com. v. Andrews, 234 Pa. 597; Com. v. Delfino, 259 Pa. 272, 278. The difficulty, if any, comes from the use of a word or term to express the degree of persuasion the evidence must attain in finding an alibi. The word chosen must not be so inconsistent with the idea of reasonable doubt as to exclude any consideration of the latter. The standard fixed by the court below for the Commonwealth's case was "certainty" beyond reasonable doubt; that for the defendant's evidence in general, enough to raise a reasonable doubt; and the standard by which the evidence of alibi, as an independent defense, was to be gauged was "satisfaction" of the jury. This and "preponderance" are the customary words used in balancing the evidence of the Commonwealth and the defendant as relating to alibi; they do not mean "satisfy" or "preponderate" beyond a doubt: Meyers v. Com., 83 Pa. 131. If the evidence does not satisfy as thus understood, the evidence must fail, and that is all that the charge implied. The words "carefully scrutinize" did not imply any degree of persuasion and are equivalent to "examine carefully," a duty the jury has as to all testimony: Com. v. White, 271 Pa. 584.

The defense of alibi does not deny the fact of illegal homicide, unlike the admissions and excuses by pleas of self-defense or insanity. See the very interesting discussion by the present Chief Justice in Com. v. Brown, 17 Pa. Dist. R. 89, and also Com. v. Palmer, 222 Pa. 299. An alibi denies, not only inferentially but in fact, that the accused was at the scene of the crime and that he did the killing; it retains for consideration all the features of "reasonable doubt" so far as the case of the Commonwealth is concerned. It is the Commonwealth's duty to

prove beyond a "reasonable doubt" that the accused was at the place and did the killing or was connected with it; the presumption of innocence of the accused continues in his favor throughout the case, and when an alibi is offered, the testimony to establish it may raise such a reasonable doubt as to entitle him to an acquittal.

When the Commonwealth has submitted sufficient evidence to show all the elements of the crime with which an accused is charged, a prima facie case is made against him. The presumption of innocence in favor of defendant is met sufficiently to take the case to the jury. The evidence here is that an illegal homicide has been committed and the accused is called on to answer or explain. If evidence of alibi is offered to fortify the presumption of innocence which still stands with him, it must appear to a certain degree of persuasion in order to sustain the defense or raise a reasonable doubt of the defendant's guilt (Turner v. Com., 86 Pa. 54, 73, 74); but this requirement does not take from the accused the benefit of his presumption of innocence, for though the alibi be not established to the satisfaction of the jury as a fact, the presumption of innocence is still with the defendant, and the evidence in the case may be enough to raise a reasonable doubt as to guilt. The rule that the burden of proving an alibi as an independent defense is on the defendant is not inconsistent with what we have here said on the subject of reasonable doubt; nor was the instruction of the court below that if such a defense is not made out to the satisfaction of the jury, it fails completely; this merely meant that it failed as an independent defense, not that the evidence was insufficient to raise a reasonable doubt of the prisoner's guilt.

The whole charge shows that the court below did not take from the jury any consideration of the evidence on alibi as bearing on doubt as to the guilt of the accused. In the end of the charge the trial judge said: "If, however, the alibi as produced by the defendant does satisfy you or if you find that the Commonwealth has failed to

convince you of the guilt of the defendant beyond a reasonable doubt, then your verdict must be an acquittal." The charge read as a whole does not offend our rules as laid down.

Assignments of error are overruled and the judgment of the court below is affirmed; the record to be remitted in order that the sentence may be carried out.