## Commonwealth *v.* Larue, Appellant.

Argued October 22, 1945. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Hardie Scott,* with him *John R. K. Scott* and *William T. Connor,* for appellant.

*Ephraim Lipschutz,* Assistant District Attorney, with him *John H. Maurer,* District Attorney, for appellee.

OPINION BY BALDRIGE, P. J., November 19, 1945:

Alfonso Larue was convicted on two indictments charging (a) robbery, being armed with an offensive weapon, and (b) carrying concealed deadly weapons. He was sentenced on the first bill to from five to ten years in the Eastern Penitentiary, sentence to begin upon the expiration of a sentence imposed on a previous conviction. Twenty days after sentence defendant's counsel, other than his trial attorney, presented a petition for leave to file a motion for a new trial nunc pro tunc. The principal complaint in this proposed motion was that the trial judge had erred in failing to charge the jury as to the defense of an alibi. Defendant's petition was refused by the court below.

The commonwealth showed that at six o'clock on the morning of May 12, 1945, Morris Johnson, who was returning home from work, was accosted at 50th and Parrish Streets, Philadelphia, by Larue, who flourished a knife with a seven inch blade, demanded a cigarette, and inquired how much money Johnson had on his person. When Johnson produced some small change Larue grabbed a ten-cent piece and a scuffle ensued. Larue cut Johnson's face, stabbed him in the back, inflicting a severe wound between the lungs and kidney requiring hospitalization. About ten days later Johnson pointed out Larue in a police lineup as the man who attacked him. One of the commonwealth's witnesses, who arrived at the scene of the cutting immediately after it occurred and stood within a few feet of Larue, also positively identified him.

Larue denied his guilt and stated that at six o'clock that morning he was at his home, which was just about a block or two away from where Johnson received his injuries. The only other witness produced by the defend-

ant was his great aunt, who testified in direct examination that her nephew was home at six o'clock on the morning in question. On cross examination she stated: "He came home between twenty-five minutes after five and half-past six."

The main question submitted to the jury was whether the defendant was the one who committed the crime charged. A reading of the evidence leaves no doubt in one's mind that there was ample proof to sustain his conviction.

The single question raised in this appeal is whether under the circumstances it was the duty of the trial judge to charge as to the nature, purpose, and probative value of an alibi, which is the defense that the accused was elsewhere at the time the crime was committed: 22 C. J. S., Criminal Law, §40.

In *Commonwealth v. Gutshall*, 22 Pa. Superior Ct. 269, 271, we said: "When an accused resorts to this defense [alibi], which is affirmative in its nature, the evidence must cover the time when the offense is shown to have been committed, so as to preclude the possibility of the prisoner's presence at the time and place of the crime . . .. The facts, established by the evidence in support of this defense, must make it impossible that the defendant could have been present at the commission of the crime." *Commonwealth v. Stewart,* 106 Pa. Superior Ct. 388, 162 A. 344, and *Commonwealth v. Reutschlin,* 135 Pa. Superior Ct. 214, 5 A. 2d 427 have cited with approval that quotation. See, also, *Commonwealth v. Spadaro,* 94 Pa. Superior Ct. 535, and *Commonwealth v. Russell,* 149 Pa. Superior Ct. 326, 335, 27 A. 2d 494.

It is clear that the defense in this case was mistaken identity. An alibi was evidently an afterthought. An alibi which leaves it possible for the accused to be guilty, is no alibi at all: 15 Am. Jur., Criminal Law, §314. The testimony offered by the defense, viewed in the most favorable light, did not preclude the possibility of Larue's presence at the time and place of the attack. It

occurred in such close proximity to his home that he could have committed that offense and still have been at his home about six o'clock. See *Commonwealth v. Glenn,* 321 Pa. 241, 183 A. 763. The defense of alibi, therefore, was not present in this case and the failure of the trial judge to instruct the jury relative thereto was not a fundamental error.

We find no error in this record that relieves the defendant of paying the penalty of a serious crime which he evidently committed.

The judgment and sentence of the court below are affirmed.