Opinion by
 

 Arnold, J.,
 

 Defendant was found guilty of indecent exposure and sodomy. The court below suspended sentence on the conviction for indecent exposure but imposed sentence upon the other indictment, and defendant files these two appeals. Only two questions require discussion, both arising under the court’s charge to the jury.
 

 The court told the jury that “In this case
 
 the sole issue is as to the evidence of the defendant’s connection with the alleged occurrence
 
 [sodomy and indecent exposure] and I will not define the crimes for you
 
 because the crimes as charged were actually committed by someone.
 
 There was an indecent assault and there was an unnatural relation with this boy and someone.” (Italics supplied.) Palpably the court was in error, for one of the matters to be determined—and essential to conviction—was whether or not the crimes charged had been committed. In
 
 Turner v. Commonwealth,
 
 86 Pa. 54, 71, the Supreme Court quoted with approval the charge of the court below: “You must be satisfied beyond a reasonable doubt,
 
 first, that the murder was
 
 committed; second, that this defendant was the guilty agent. . . .” (Italics supplied.) See also
 
 Commonwealth v. Zang,
 
 142 Pa. Superior Ct. 573, 579, 16 A. 2d 745. Thus in the instant case it was solely the province of the jury to decide whether commission of the crimes had been proved, and the court could not deprive the defendant of the jury’s determination.
 

 
 *244
 
 Appellant also questions the charge of the court in regard to alibi. The court said, inter alia: “That means that when you consider the evidence offered by the Commonwealth, with the evidence offered by the defendant [as being somewhere else] ... if you feel that the evidence offered by the defendant fairly preponderates or fairly outweighs that offered by the Commonwealth, then you would have a right to conclude that the defendant has met the burden ... of establishing his alibi by a fair preponderance of the evidence.” In
 
 Commonwealth v.
 
 Mills, 350 Pa. 478, 39 A. 2d 572, the Supreme Court reversed because of a charge that “the evidence [of alibi] . . . must be such, in your minds as fair and reasonable men and women, that it
 
 outweighs the evidence produced loy the Commonwealth.”
 
 (Italics supplied.) Chief Justice Maxey stated: “The language quoted might easily have led the jury to believe that the evidence offered by the defendant as to his alibi had to, in order to work his acquittal, 'outweigh the evidence produced by the Commonwealth’ to prove his guilt. . . . The excerpt quoted was at least ambiguous and had a tendency to mislead the jury.”
 

 It is important that trial courts do not extemporaneously define such matters as reasonable doubt
 
 (Commonwealth v. Tachoir et al.,
 
 166 Pa. Superior Ct. 239, 70 A. 2d 474), alibi and other required matters. The pronouncements of the appellate courts should be followed. In regard to the charge on alibi see
 
 Commonwealth v. Woong Knee New,
 
 354 Pa. 188, 213, 47 A. 2d 450. We are therefore compelled to reverse and grant a new trial, and this also as to the indictment for indecent exposure on which sentence was suspended
 
 (Commonwealth v. Trunk et al.,
 
 311 Pa. 555, 565, 167 A. 333).
 

 The judgments of sentence are-reversed and new trials ordered.