Commonwealth *v.* McQueen, Appellant.

Argued September 27, 1954.   Before RHODES, P. J.,
HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE and ERVIN,
JJ.

*William E. Parke,* for appellant.

*John E. Stively, Jr.,* Assistant District Attorney,
with him *Joseph G. McKeone,* District Attorney, for
appellee.

OPINION BY WOODSIDE, J., March 29, 1955:

The defendant was convicted after trial by jury of burglary and larceny. The only question before us is whether there was error in the charge of the court, particularly relating to alibi, which entitles him to a new trial. The Commonwealth contended that five boys, including the defendant, committed the offenses on the night of March 28, 1953. Two of the five boys said they did, and testified that the defendant participated in the crimes.

The defendant, who was not taken into custody until nearly four months after the offenses were committed, denied his guilt and said he was not at the scene of the crime at the time it was committed.

He testified on direct examination as follows: "Q. On the night of March 28 or early in the morning of March 29, do you remember where you were? A. I know just about where I was. Q. Where were you? A. Oh, as I remember the 28th, that was on a Saturday night, and I usually go to the movies Saturday night, and that is where I probably was. I couldn't say definitely. The Court: No. Where were you that night, not what you probably did or usually do? The Witness: I was probably home in bed."

The trial court concluded that this testimony was an attempt to establish an alibi, and, over objection of defense counsel, charged the jury on the basis that defendant had attempted to establish an alibi.

An "alibi" is defined as ". . . the defense that the accused was elsewhere at the time the crime was committed:" 22 C.J.S., Criminal Law, §40, *Com. v. Larue, Appellant,* 158 Pa. Superior Ct. 219, 221, 44 A. 2d 535 (1945).

If a person says "I was not at the scene of the crime but I do not remember where I was," he is not attempting to prove an alibi, even though he naturally had to

be elsewhere if he was not at the scene of the crime. What is known in law as an alibi is an attempt by the defendant to prove that he *could not* have been at the scene of the crime *because* he was some other definite place. There is a marked difference between saying, "I was not at the scene of the crime, and therefore I must have been some other place," and saying, "I could not have been at the scene of the crime because I was some other specified place."

The first is a negative contention. It is not an alibi. The second is an effort to establish his presence *at a particular time and place,* which would make it impossible for him to have committed the crime. It is an affirmative contention. It is an alibi.

Here the trial court was of the opinion that the defendant was attempting to establish that he was home in bed. But a reading of the defendant's testimony leaves no doubt that he was trying to tell the court and jury that he did not know where he was that night.

He said first that he "probably" was at the movies, only because "as he remembered" the date, it was a Saturday night, and he "usually" went to the movies on Saturday. With all the doubt already expressed he added, "I couldn't say definitely." And then after the court asked, "Where were you that night, not what you *probably* did or usually do," he replied, "I was *probably* home in bed." (Emphasis ours) He did not attempt to establish that he *was* home in bed, or that he *was* in the movies.

It was not necessary to charge on alibi because defendant was not attempting to establish an affirmative defense of alibi. Neither the court nor the jury could interpret his testimony to mean other than "I was not there, I do not know where I was, but at that time I usually am in the movies or home in bed and that is where I 'probably' was."

As recently as 1952 our Supreme Court in *Com. v. Noble*, 371 Pa. 138, 143, 88 A. 2d 760 (1952) has reiterated that "alibi" is an affirmative defense and that "the burden of proving such defense, by a fair preponderance of the evidence is placed upon the defendant," and that "it is the duty of the court to fully advise the jury as to the difference between the burden of proof resting upon the Commonwealth to establish guilt and that resting on the defendant with respect to the alibi set up;" and to further instruct them that "the evidence in support of the alibi may, with other facts in the case, raise the reasonable doubt of guilt which entitles a defendant to acquittal."[1]

---

[1] It is difficult to understand what "burden" there is upon a defendant to establish the defense of alibi by a preponderance of the evidence. He need not meet any such burden. If his evidence of alibi creates a reasonable doubt in the minds of the jury he is entitled to acquittal. That is something *less* than *establishing* an alibi by a preponderance of the evidence. But even at that it is still *more* than the defendant need do to entitle him to acquittal. If his evidence of alibi *with other facts in the case* is sufficient to raise a reasonable doubt as to his guilt he is entitled to acquittal. Thus actually there is no burden upon him at all to establish his alibi by a fair preponderance of the evidence and the necessity of charging the jury that there is such burden seems to be a question that should be again reviewed by the Supreme Court.

In *Com. v. Barnak*, 357 Pa. 391, 406, 407, 54 A. 2d 865 (1947) the late Chief Justice MAXEY said in a footnote: "While this court has approved instructions in homicide cases to the effect that when an alibi is set up the defendant must, in order to have it avail him, prove it by a fair preponderance of the evidence, yet if the evidence in support of his alibi falls short of being preponderating evidence but does raise a reasonable doubt of his guilt he must be acquitted, such instructions constitute an anomaly which it would be well if trial judges would hereafter not repeat. This court in an opinion by Justice KEPHART in Com. v. Barrish, 297 Pa. 160, 146 A. 553, referred to such instructions as 'incongruous', and we also said in Com. v. Mills, 350 Pa. 478, 485, 39 A. 2d 572: 'The "incongruity" to which Justice KEPHART refers is most manifest in cases like the

When called upon to charge on alibi the trial courts should follow closely the language prescribed by the Supreme Court.

Judge, now Justice, ARNOLD very wisely said in *Com. v. Crooks,* 166 Pa. Superior Ct. 242, 70 A. 2d 684 (1950), "It is important that trial courts do not extemporaneously define such matters as reasonable doubt . . . alibi and other required matters. The pronouncements of the appellate courts should be followed."

As we hereinbefore indicated, there was no need here for the trial court to charge on alibi. It is sometimes difficult to determine, as in this case, whether

---

one now before us where practically the basic issue for the jury to consider was whether or not the defendant was at the scene of the homicide when it was committed. When this jury was convinced to a moral certainty that the defendant was at the rather isolated scene of this homicide when it was committed at about 3 a.m. as the identifying witness "positively" says he was, it probably had but little difficulty in coming to the conclusion that the defendant was guilty.' We also said in a footnote on page 486: 'In a case factually like this one the Commonwealth is not harmed and there is less likelihood of the jury being confused, if the usual instructions as to the burden resting upon the pleader of an alibi are dispensed with.'

. . .

"It would be better if the jury was instructed, when the defense of an alibi is set up, that the burden remains on the Commonwealth to prove every essential element of the case, including the defendant's presence at the scene of the homicide when, as in the instant case, that is a material element in the case. Wigmore on Evidence, Third Edition, Vol. 9, Sec. 2512(c) says: 'It is generally conceded that the accused does not have the ultimate burden of proving an alibi.' "

As pointed out in the body of our opinion the Supreme Court has not followed this suggestion of the late Chief Justice MAXEY, but has continued to require the trial courts to charge that the burden of proving an alibi by a fair preponderance of the evidence is on the defendant.

the defendant is attempting to establish an alibi, or is merely denying his participation in the crime. We are not deciding whether the trial court must make an absolute determination of this question before determining whether or not it should charge on alibi. Nor are we deciding that to have charged on alibi in this case, in which it was not necessary, is reversible error.

But we think under all the circumstances the charge on alibi given in this case was prejudicial.

The court charged as follows: "Now, if that is what happened then this defendant is guilty, he took part in two burglaries and a larceny. The defendant, however, tells you that that did not happen, that he was not with these other four boys on that night, and he endeavors to establish what is called in law an alibi, that is, he was some place else, was not at the scene of the offense and, therefore, was not guilty. *When one undertakes to do that he must establish his presence elsewhere.* When one resorts to this defense, which is affirmative in its nature, the evidence must cover the time when the offense is shown to have been committed so as to preclude the possibility of the defendant's presence at the time and place of the crime. The burden of proof of that is on the defendant, and if he fails to do so to the satisfaction of the Jury the alleged alibi as a substantive defense is valueless. It is true, of course, as I have heretofore instructed you, you must consider all the testimony that is interposed in support of his alibi, but as we remember it there was no supporting testimony at all, nothing but the defendant's own words, but you must consider all the testimony in considering whether or not you have reasonable doubt of this defendant's guilt. He says that on Saturday night he generally goes to the movies and that he was probably home in bed that Saturday night. His father on the witness stand did not corroborate

him, was not asked and did not say, 'Yes, my son was home in bed'; his mother was not called. The testimony apparently is that she is upset about her son's situation and could not come into court, and neither his brother nor his sister was called nor is their absence accounted for. In that regard the law is that where evidence which would properly be part of a case within the control of the party whose interest it would naturally be to produce it and without a satisfactory explanation he fails to do so the Jury may draw an inference that it would be unfavorable to him, that is the inference which you are at liberty to draw, but you do not have to, of course, draw it, but you may consider the fact asking yourself whether or not there were any witnesses who could have supported the defendant's statement that he was home in bed that night who might have been summoned here to help you in solving the problem and whose absence has not been satisfactorily explained to you . . ." (emphasis supplied)

The statement which we italicized above could well have led the jury to believe that under the circumstances the defendant *must* establish his presence elsewhere. If he "must", and fails, the inference would be that the jury must then find him guilty. Any subsequent remarks in the charge which may have had a tendency to neutralize such an erroneous impression were overcome by the emphasis placed by the court on the defendant's failure to call witnesses to corroborate the "alibi". The defendant's testimony that he was "probably home in bed" was given undue emphasis in the trial judge's charge out of all proportion to its probative value, and this to the detriment of the defendant.

There was a prompt and specific objection made to the charge as it related to alibi. We think the charge was prejudicial on this point, and under these circumstances a new trial should be granted.

The defendant is a minor now in the Pennsylvania Industrial School on a juvenile court commitment for violation of parole. In a companion case, upon opinion by Judge GUNTHER filed herewith, we affirmed the lower court's refusal to grant him a writ of habeas corpus. It is to be noted that the determination of whether he violated parole is a matter for the judge of the juvenile court to determine from evidence before him. Whether or not the defendant is guilty of the offense here charged may or may not affect the determination of the judge, sitting as a juvenile court. Whether or not it should is a question for the juvenile court to decide.

Judgment of sentence reversed and new trial granted.

*allocatur refused*