Commonwealth ex rel. McQueen, Appellant, *v.* Prasse.

196

Argued September 27, 1954. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE and ERVIN, JJ.

*William E. Parke*, for appellant.

*John E. Stively, Jr.*, Assistant District Attorney, with him *Joseph G. McKeone*, District Attorney, for appellee.

OPINION BY GUNTHER, J., March 29, 1955:

This is an appeal from an order of the court below dismissing a rule to show cause why a writ of habeas corpus should not issue. The defendant had been adjudged a delinquent by the Juvenile Court in April 1951 and was committed until August, 1952. Upon his release he was placed on probation. In December 1953 he was sentenced by the Court of Oyer and Terminer on convictions of larceny and burglary, which sentence was appealed to this Court. When the defendant was released on bail pending the appeal of the larceny and burglary sentence, he was immediately recommitted by the Juvenile Court on the ground that he had violated probation. He sought his release by habeas corpus but, after a hearing in Common Pleas, the petition was dismissed. The defendant has appealed alleging that the revocation of probation was based on insufficient evidence.

In an opinion filed this date we granted a new trial in the case tried in Oyer and Terminer Court. See *Com. v. McQueen*, 178 Pa. Superior Ct. 38, 112 A. 2d 820. It does not follow, however, that the writ in this case was improperly denied. Violation of his probation was a matter for the Juvenile Court, and does not necessarily depend upon his conviction in the case tried in the court of Oyer and Terminer.

The defendant is not properly before us in this habeas corpus case. The order of the Juvenile Court terminating defendant's probation and recommitting him was a final order from which he had the right of appeal as a matter of right: The Juvenile Court Law of June 2, 1933, P.L. 1433, §15, 11 PS §257. It is well settled that a writ of habeas corpus is not a substitute for an appeal: *Com. ex rel. Tokarchik v. Claudy*, 174 Pa. Superior Ct. 509, 102 A. 2d 207.

The appeal is dismissed.