**Commonwealth ex rel. Knuckles v. Maroney**

*William E. Knuckles*, p. p.
*Edward C. Boyle*, District Attorney, and *William*

*Claney Smith*, Assistant District Attorney, for respondent.

WEAVER, P. J., Specially Presiding, June 2, 1961.— April 23, 1957, defendant William E. Knuckles, was tried and found guilty at 23, O. & T. March sessions, 1957, of armed robbery; at 53, March sessions, 1957, of possession and control of narcotic drugs and at 54, March sessions, 1957, of carrying concealed weapons. He was sentenced at 53, March sessions, 1957, on the drug charge to serve not less than two and one-half or more than five years; the sentence dating from February 7, 1957; on the armed robbery conviction, 23, March sessions, 1957, he was sentenced to serve not less than five years or more than 10 years, sentence to take effect at expiration of sentence at 53, March sessions, 1957, the drug violation sentence. At 54, March sessions, 1957, the charge of carrying concealed weapons, defendant was sentenced to not less than one and one-half years or more than three years, to take effect at the expiration of 23, March sessions, 1957. The three sentences provided for a minimum sentence of nine years dating from February 7, 1957.

In his petition for a writ of habeas corpus, petitioner relies on an error which he alleged the trial judge made in his charge to the jury and an averment the quantitive amount of the drug heroin was not proven. He does not cite any errors for this habeas corpus action as to the charge of carrying concealed weapons 54, March sessions, 1957.

The alleged error in the jury charge refers to the court's charge on alibi on pages 304 and 305 of the transcript. The court charged defendant need prove alibi only by a preponderance of the evidence, while the Commonwealth must prove its case beyond a reasonable doubt. Petitioner cites many cases in his petition, all for the authority it is error for the trial court

to fail to make the distinction between the two burdens. The trial judge also defined alibi as a defense, making it impossible for defendant to have committed the crime because he was at some other place.

Counsel for defendant, at the conclusion of the charge, requested the court to charge further on the burden of the Commonwealth and on defendant as to the defense of alibi. The court refused to repeat this portion of the charge, recalling it had been covered. In Commonwealth ex rel. Sharpe v. Burke, 174 Pa. Superior Ct. 350-54, the court ruled deficiencies in the charge of the court are trial errors which could have been reviewed and corrected upon appeal. The writ of habeas corpus is not available for a review of such matters.

It is doubtful if the testimony of defendant necessitated any charge as to alibi. In Commonwealth v. Larue, 158 Pa. Superior Ct. 219, we have an identical case, where the chief defense was identity and some alibi testimony. The court said (pp. 221, 222):

"An alibi which leaves it possible for the accused to be guilty, is no alibi at all. . . . the failure of the trial judge to instruct the jury relative thereto was not a fundamental error."

We also note this case was tried in April 1957, prior to the decision of the Supreme Court in Commonwealth v. Bonomo, 396 Pa. 222.

As to the second point referring to the drug offense, counsel demurred to the testimony, the reason being that the Commonwealth failed to show the quantity or the percentage of the quantity of heroin found in the exhibits. Petitioner appears to have overlooked the fact such percentages were removed by the amending Act of May 29, 1956, P. L. 1809, 35 PS §852.

There was not even a general exception taken to the charge of the court. No motion was made for a new trial.

We are unable to find any merit in the petition for a writ of habeas corpus. A reading of the transcript in the case leaves no doubt of the guilt of petitioner, except possibly as to identity, and the verdict of the jury determined that fact.

Where a petition for a writ of habeas corpus and the record on which it is based fail to make out a case entitling the relator to the relief afforded by habeas corpus, a hearing is not necessary, and the petition may be summarily dismissed: Commonwealth ex rel. Elliott v. Baldi, 373 Pa. 489.

### Order

And now, June 2, 1961, the court having considered the petition of William E. Knuckles for a writ of habeas corpus and finding no hearing is necessary to determine the questions raised and there is no merit in the petition, said petition is dismissed and the writ of habeas corpus is denied.