STATE OF NORTH CAROLINA v. CHARLES GREEN.

(Filed 14 December, 1966.)

**1. Criminal Law § 107—**

    The court is required to charge upon the law of alibi only if defendant offers evidence that he was at some other specific place at the time of the commission of the crime, and if defendant's evidence does not reasonably exclude the possibility of his presence at the scene of the alleged crime at the time of its commission, it is not error for the court to fail to instruct the jury on the law of alibi.

**2. Criminal Law § 94—**

    A remark of the court with reference to the testimony of a State's witness is not ground for a new trial when such remark, considered in the light of the circumstances under which it was made, could not have prejudiced defendant.

APPEAL by defendant from *Burgwyn, E.J.,* April 1966 Criminal Session of DURHAM.

Defendant was tried upon an indictment which charged him with an assault with a deadly weapon upon Alwilda Williams on May 9, 1965.

STATE *v.* GREEN.

The prosecuting witness testified as follows: She and defendant Charles Green, although not married to each other, were living together in a roominghouse. On Sunday, May 9, 1965, defendant had been drinking. He left the house where they had been staying. She caught up with him at Hillside Park and said, "Charles, why don't you go home?" Defendant then cut her across the face with a knife. She went to the hospital, where 60 stitches were required to close the wound. The cutting took place "during the daytime." Swannie Hester, their landlady, testified that both Alwilda and defendant were there on Sunday, May 9th; that defendant went out first — before noon, she thought. Alwilda left the house shortly thereafter. She returned about two hours later with her face bandaged and said that defendant had cut her. The investigating officer said that defendant told him that Alwilda had cut herself while she was trying to take a knife from defendant over in the Hillside Park.

Defendant, the only witness for the defense, testified: He had not been living with Alwilda. His parole officer had been questioning him about marrying her, and he had intended to marry her. He did not cut Alwilda; he did not see her at all on the day she was cut. On that day he had worked until 2:30 "that evening" cleaning up the house on Fayetteville Road which he had intended to rent when he and Alwilda were married. From there he went to Chapel Hill, and he did not return to Durham until about 8:30.

The jury returned a verdict of guilty as charged. From a judgment of imprisonment, defendant appeals.

*T. W. Bruton, Attorney General; Millard R. Rich, Jr., Assistant Attorney General for the State.*
*Jerry L. Jarvis for defendant.*

SHARP, J. Defendant assigns as error the failure of the judge to charge on alibi substantially as set out in *State v. Spencer,* 256 N.C. 487, 489, 124 S.E. 2d 175, 177:

> "An accused, who relies on an alibi, does not have the burden of proving it. It is incumbent upon the State to satisfy the jury beyond a reasonable doubt on the whole evidence that such accused is guilty. If the evidence of alibi, in connection with all the other testimony in the case, leaves the jury with a reasonable doubt of the guilt of the accused, the State fails to carry the burden of proof imposed upon it by law, and the accused is entitled to an acquittal."

The evidence in this case did not require the court to give the above charge. "To constitute an alibi, it must appear that the ac-

cused was at some other *specified* place at the time of the commission of the crime. . . ." 22 C.J.S., Criminal Law § 40 (1961). (Italics ours.) Furthermore, a defendant's mere denial that he was at the place when the crime was committed is insufficient to justify the giving of an instruction on alibi. 53 Am. Jur., Trial § 653 (1945). In such case, the general charge of the court that the jury should acquit defendant unless they are satisfied from the evidence beyond a reasonable doubt that he committed the assault is sufficient. *Byas v. Texas*, 41 Tex. Crim. 51, 51 S.W. 923, 96 Am. St. Rep. 762.

Defendant's testimony as to his whereabouts on the day Alwilda was cut was merely incidental to his denial that he cut her and to ·his assertion that both she and the investigating officer had testified falsely. His statements with reference to his movements on the Sunday in question were not sufficiently definite to establish his presence at any specified place elsewhere at the time the crime was committed. The State's evidence did not fix the exact time Alwilda was cut. It was — according to her — during the daylight hours of Sunday, May 9, 1965. Swannie Hester *thought* that Alwilda left the house before noon, that she was gone two hours, and that she then came back with her face cut. In view of this uncertainty, even if defendant's testimony as to his whereabouts be accepted as true, the jury might still have found that he was in Hillside Park when Alwilda was cut. If the evidence does not reasonably exclude the possibility of the presence of defendant at the scene of the alleged crime, it is not error to fail to instruct the jury on the law of alibi. *Ethridge v. State*, 163 Ga. 186, 136 S.E. 72; *State v. Davenport*, 208 Iowa 831, 224 N.W. 557.

In *People v. Lucas*, 16 Cal. 2d 178, 105 P. 2d 102, 130 A.L.R. 1485, defendant claimed that on the day in question he was visiting San Quentin Prison and therefore could not have been in Modesto, where the crime was committed. In holding that the trial court did not err in refusing to instruct the jury as to the law of alibi, the California court said:

"(T)here is nothing in the record to show that appellant could not have been in San Quentin and still have reached Modesto by 8 o'clock in the evening of the day in question. It is upon that testimony appellant has based his defense of an alibi. . . . No witness, other than the defendant, testified as to his whereabouts at the time of the alleged crime. It very probably was true that defendant was at San Quentin on the day in question, but still he could have been in Modesto at the time charged by the prosecution." *Id.* at 181, 105 P. 2d at 103.

In *Commonwealth v. McQueen,* 178 Pa. Super. 38, 112 A. 2d 820, defendant testified that he could not say definitely where he was on the night in question but that he was probably at the movies or at home in bed. In holding that, with this evidence, "defendant was not attempting to establish an affirmative defense of alibi," the court said:

"If a person says 'I was not at the scene of the crime but I do not remember where I was,' he is not attempting to prove an alibi, even though he naturally had to be elsewhere if he was not at the scene of the crime. What is known in law as an alibi is an attempt by the defendant to prove that he could *not* have been at the scene of the crime *because* he was (at) some other definite place. There is a marked difference between saying, 'I was not at the scene of the crime, and therefore I must have been some other place,' and saying, 'I could not have been at the scene of the crime because I was (at) some other specified place.'

"The first is a negative contention. It is not an alibi. The second is an effort to establish his presence *at a particular time and place,* which would make it impossible for him to have committed the crime. It is an affirmative contention. It is an alibi." *Id.* at 40-1, 112 A. 2d at 822.

*Accord, State v. Wagner,* 207 Iowa 224, 222 N.W. 407.

In this case, Judge Burgwyn charged the jury as follows:

"Now, if you have a reasonable doubt about him (defendant) having cut this woman, gentlemen of the jury, it would be your duty to find him not guilty. If you are satisfied beyond a reasonable doubt that he did cut her with a knife inflicting this wound with the scar you see resulting from it now, or she alleges resulting from it now, it would be your duty to find him guilty."

The foregoing charge was a sufficient compliance with G.S. 1-180. In order to convict defendant of the assault charged, the State was required to prove beyond a reasonable doubt that he was present at the time and place it occurred and that he committed it. *State v. Malpass* and *State v. Tyler,* 266 N.C. 753, 147 S.E. 2d 180.

Defendant complains that in stating the State's contention with reference to Alwilda's testimony that she and defendant had been living together as man and wife, Judge Burgwyn added the gratuitous comment, "as unfortunately a good many people seem to be now doing without any marriage ceremony." This remark, of course, had no place in the charge. It is not approved, but we do not think

it warrants a new trial. *Upchurch v. Funeral Home,* 263 N.C. 560, 140 S.E. 2d 17. The observation was made with reference to the testimony of a State's witness. Defendant himself denied any illegal association with Alwilda, and the court instructed the jury at length with reference to his denial and his contentions based upon it. "(R)e-marks of the court during the trial will not entitle defendant to a new trial unless they tend to prejudice defendant, considering the remarks in the light of the circumstances under which they were made. . . ." 1 Strong, N. C. Index, Criminal Law § 94. Defendant has the burden of showing prejudice, and we perceive none.

In the trial below, we find

No error.